694 So.2d 1153 (1997)
Betty GIROUARD, et al.
v.
STATE of Louisiana, Through the DEPARTMENT OF EDUCATION and the State of Louisiana, Through the Division of Administration.
No. 96 CA 1076.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*1154 Charles Patin, Jr., Glenn Farnet, Robert Abbott, III, Baton Rouge, for Plaintiffs/Appellants Betty Girouard, et al.
Margot Fleet, Van Anderson, Louisiana Department of Education, Pamela Perkins, Baton Rouge, for Defendants/Appellees, State of Louisiana, Department of Education and State of Louisiana, Division of Administration.
Before LOTTINGER, C.J., and FOIL, WHIPPLE, PITCHER and FITZSIMMONS, JJ.
WHIPPLE, Judge.
This is an appeal from a trial court judgment maintaining a dilatory exception pleading the objection of prematurity and dismissing plaintiffs' suit at their costs. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
By Act Number 15 of the 1994 Regular Session, the Louisiana Legislature approved a one-time salary supplement for Louisiana teachers and other state employees, which was contingent upon the receipt of land-based casino gaming revenues. Acts 1994, No. 15, § 17. Eligibility for the one-time salary supplement, as provided in the Act, was based upon employment during a specific time period in 1994, and the amount of the supplement to be paid to each individual teacher was to be calculated as a percentage of the state supported annual salary for teachers. The Act further provided that the calculation of the annual salary for purposes of determining the supplemental payment amount was to be based upon the monthly salary in effect on November 30, 1994.
Plaintiffs, Louisiana teachers or instructional personnel who were on approved sabbatical leave during the time for which the supplemental pay was calculated, filed suit against the State of Louisiana, through the Division of Administration ("Division of Administration"), and the State of Louisiana, through the Department of Education ("Department of Education"), contending that their one-time salary supplement had not been calculated properly.[1]
Pursuant to LSA-R.S. 17:1184, members of the teaching staffs of Louisiana public schools are afforded two compensation options while on approved sabbatical leave. Under the first option, the teacher is paid "fifty percent of the minimum salary allowed a beginning teacher holding a bachelor's degree in that parish or city school system." Under the second option, compensation is based on "the difference between the salary [the teacher] would have received during such leave if in active service in the position from which such leave is taken and the compensation which a day-by-day substitute would receive if assigned to that position on a day-by-day basis."
Each plaintiff in the present suit elected the second compensation option authorized by LSA-R.S. 17:1184, rather than electing to receive one-half of the minimum salary allowed a beginning teacher holding a bachelor's degree. However, the one-time salary supplement for all teachers or instructional personnel on authorized sabbatical leave for any portion of the period set forth in Act 15 was calculated as one-half of the state minimum annual salary contained in LSA-R.S. 17:421.3(A), taking into consideration each employee's years of experience and educational attainments. Thus, instead of being paid the full amount of the one-time salary supplement provided for in section 17 of Act 15 of 1994, plaintiffs were paid one-half the amount of the salary supplement, based upon their state supported annual salary during the period of their sabbatical leave.
*1155 In their petition, plaintiffs contended that they were each entitled to receive the full amount of the salary supplement, calculated as five percent of the full state supported annual salary applicable to instructional employees, not to exceed $1,200.00. In the alternative, plaintiffs alleged that even if they were not entitled to a supplemental payment calculated on the full amount of their state supported annual salary for teachers, the calculation made by the Division of Administration and/or the Department of Education was, nevertheless, erroneous, because the payment was not based upon the sabbatical leave compensation option elected by plaintiffs.
Defendants responded to plaintiffs' petition by filing a dilatory exception pleading the objection of prematurity, contending that plaintiffs had available administrative remedies through which they could pursue their complaints and that plaintiffs were required to exhaust those remedies prior to seeking judicial review. A hearing on the exception was held on October 18, 1995, and following the hearing, the trial court ruled that plaintiffs were required to proceed through the grievance procedures of their respective school boards prior to seeking relief in the district court. Thus, by judgment dated October 26, 1995, the trial court maintained defendants' exception of prematurity and dismissed plaintiffs' suit at their costs.[2] From this judgment, plaintiffs appeal.[3]

DISCUSSION
An exception pleading the objection of prematurity filed pursuant to LSA-C.C.P. art. 926(A)(1) raises the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719, 720 (La.1976). The exception contemplates that the action taken by the petitioners occurs prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law or contract has provided a procedure for one aggrieved of a decision to seek administrative relief before resorting to judicial action. Hidalgo v. Wilson Certified Express, Inc., 94-1322, p. 4 (La.App. 1st Cir. 5/14/96); 676 So.2d 114, 116; Jones v. Crow, 633 So.2d 247, 249 (La. App. 1st Cir.1993). Generally, the person aggrieved by an action must exhaust all such administrative remedies before being entitled to judicial review. Hidalgo, 94-1322 at p. 4; 676 So.2d at 116; Jones, 633 So.2d at 249.
When a defendant files an exception raising the objection of prematurity, the defendant has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Steeg, 329 So.2d at 720; Jones, 633 So.2d at 249. Once the existence of an administrative remedy is established, the burden shifts to the plaintiff to show that the administrative remedies have been exhausted or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. Steeg, 329 So.2d at 720; Jones, 633 So.2d at 249.
Louisiana Revised Statute 17:100.4 provides that each city and parish school board shall adopt rules, regulations, and policies necessary to establish a grievance procedure that shall guarantee a fair hearing on grievances by any teacher or group of teachers employed by such school board.
In support of their exception, defendants argued that plaintiffs are employees of their respective school boards, who are responsible for paying the teachers they employ. Thus, defendants argued that plaintiffs were obligated to direct any initial inquiries about the correctness of what defendants contend was *1156 a paycheck calculation to their school board employers through the grievance procedures provided for in LSA-R.S. 17:100.4. In maintaining defendants' exception, the trial court agreed, opining that plaintiffs should first present their complaints through any grievance procedures available to them instead of filing in the 19th Judicial District Court. Plaintiffs contend on appeal that this was error, because the administrative remedies which may be available to them at the local school board level can not provide them with the relief sought against defendants. We agree.
With regard to distribution of the one-time salary supplement to state employees, Act 15 specifically provides that the Division of Administration "shall distribute this appropriation to the budget units involved." Acts 1994, No. 15, § 17. Moreover, attached as an exhibit to stipulations filed on the day of the hearing was a July 26, 1995 memorandum from the State Superintendent of Education on behalf of the Department of Education to all local school system superintendents and business managers, concerning the salary supplement for sabbatical employees. In the memorandum, the Superintendent stated that "[d]ue to the volume of questions concerning the recent state salary supplements paid to sabbatical employees, the following information outlines the basis on which these particular supplements were calculated." (Emphasis added). The memorandum further provides that the supplement for these employees "was calculated at fifty percent of the state minimum teachers [sic] salary schedule based on actual years of experience and educational level."
Additionally, the Superintendent stated that ultimately, the Governor had the authority to interpret Act 15, but that the Commissioner of Administration had been acting on behalf of the Governor in this matter. In this regard, the Superintendent stated: "It is my understanding that the Commissioner [of Administration] is in agreement with the Department [of Education]'s interpretation of existing statutes regarding the supplemental payment to employees on sabbatical leave during the period of the first day of school through November 30, 1994."
Thus, it is apparent that the responsibility for distributing the funds to implement the salary supplement was delegated by the Legislature to the Division of Administration, with the actual calculation of the salary supplement for teachers on sabbatical leave made by the Department of Education with the acquiescence of the Division of Administration, and not by the local school boards. Although the local school boards may have been responsible for issuing the actual checks to individual teachers, and distributing the actual funds, the local school boards had no authority to determine or fix the specific amount of the supplement due plaintiffs. Consequently, it follows that the local school boards would have no authority to re-determine or re-calculate the amount of the supplements due plaintiffs.
While the jurisprudence interpreting LSA-R.S. 17:100.4 is scant, the grievance procedure mandated by LSA-R.S. 17:100.4 can logically only apply to grievances by a teacher or group of teachers relating to an action of the local school board or an employee over which the school board exercises supervisory control. See generally Brown v. Red River Parish School Board, 469 So.2d 1110, 1112-1115 (La.App. 2nd Cir.1985), and Op. Att'y Gen. No. 92-690 (3/1/93). Moreover, the purpose of requiring a person aggrieved to exhaust all administrative remedies is to give the body whose decision is under attack an opportunity to review, supplement and, if necessary, correct its decision. Jones, 633 So.2d at 249. Plaintiffs' claims are against defendants, the Division of Administration and the Department of Education, not against their local school board employers. The decision under attack is the decision by these defendants that teachers on sabbatical leave were not entitled to the full amount of the salary supplement provided for distribution pursuant to Acts 1994, No. 15, § 17. As outlined above, based on the record before us, it does not appear that the local school boards by whom plaintiffs are employed have any power to correct the alleged underpayment of plaintiffs' salary supplement should they find merit to plaintiffs' claims. The relief sought by plaintiffs may only be obtained from defendants.
*1157 Thus, we conclude that defendants failed to carry their burden of demonstrating that the grievance procedures available to plaintiffs at the local school board level pursuant to LSA-R.S. 17:100.4 constituted an administrative remedy through which they could or were required to seek relief for this particular complaint prior to resorting to judicial action. Thus, the trial court erred in maintaining defendants' exception pleading the objection of prematurity.

CONCLUSION
For the above and foregoing reasons, the October 26, 1995 judgment of the trial court, maintaining defendants' exception of prematurity and dismissing plaintiffs' suit, is reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal, in the amount of $436.63, are assessed equally against defendants, the State of Louisiana, through the Division of Administration, and the State of Louisiana, through the Department of Education.
REVERSED AND REMANDED.
FITZSIMMONS, J., dissents and assigns reasons.
FITZSIMMONS, Judge, dissenting.
I would affirm the exception of prematurity. The basis of the lawsuit is whether the one-time state salary supplement for employees on sabbatical leave should be calculated according to sabbatical compensation or, alternatively, by computing the regular income to which the employee would have been entitled, if working.
Matters involving teacher salaries are legislatively assigned to the school boards. Louisiana revised statute article 17 § 81(A) empowers the school boards with the authority to fix the salaries of teachers. In the same statutory article, the legislature directs the boards to "see that the provisions of the state school law are complied with." La. R.S. art. 17:81(A). This requirement is reasonable; it is also logical: local teachers need to initially present their disputes to that body which is most closely associated with their ultimate salary setting.
The school board is the agency that calculates the teachers' salaries and sabbatical compensation. Any alleged error in the school board's calculation of salary is clearly subject to administrative review by that agency. The fact that, in this instance, the school board is required to interpret a legislatively mandated equation to compute the individual sums of paychecks to school employees, does not diminish the administrative nature of the school board's role relative to employee salary supplements. Nor is the procedural requirement that one exhaust administrative remedies inapposite in matters involving agency interpretation of statutory language. The Louisiana Supreme Court specifically recognizes judicial review of administrative findings, inferences, conclusions, or decisions that are errors of law. See American Waste and Pollution Control Company, 93-3163, p. 18 (La.9/15/94); 642 So.2d 1258, 1265 (quoting Save Ourselves Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1158 (La.1984)). The employees should have properly exhausted their administrative remedies at the agency level, pursuant to La. R.S. 17:100.4, prior to seeking judicial review.
NOTES
[1] The individually named plaintiffs are Betty Girouard, Celeste Meaux, Nancy Gingras, Earl Cooper, Nelda Johnson, Carolyn Craft, Robert Beadle, Olive Faye Hansen, Charles Hansen, Ella Rose Bickham and Barbara Vaughn.
[2] Defendants also filed various other exceptions which were heard by the court on October 18, 1995. However, because the trial court maintained defendants' exception raising the objection of prematurity, it ruled that the other exceptions were rendered moot. Those other exceptions are not before us on appeal.
[3] Prior to the filing of the instant appeal, plaintiffs applied for supervisory writs of review. By order dated April 22, 1996, this court denied the writ application, finding that the judgment of the trial court was an appealable judgment, and ordered that the matter be remanded to the trial court with instructions to grant plaintiffs an appeal.