RROTHSCHILD, Judge.
This matter is an appeal from the trial court’s ruling sustaining the defendants’ exceptions of prematurity and lack of subject matter jurisdiction and dismissing plaintiffs petition for writ of mandamus. For the reasons which follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Metro Riverboat Associates, Inc. (“Metro”) and Bally’s Louisiana, Inc. (“Bally’s”) are the owners of the Belle of Orleans, L.L.C. (“Belle”), which is a Louisiana riverboat casino licensee. Metro owns a 50.1 percent interest in Belle and Bally’s owns a 49.9 percent interest.
' In November of 1998, the parent company of Bally’s, Hilton Hotels Corporation (“Hilton”), filed a petition with the Louisi *145 ana Gaming Control Board (“Board”) for approval of a spin-off of its gaming assets to Park Place Entertainment Corporation (“Park Place”) and a proposed merger between Park Place and Grand Casinos, Inc. A hearing was held on December 29, 1998, at which the Board unanimously adopted a resolution approving the transfer of Hilton’s gaming assets to Park Place, conditioned upon Park Place filing a Part A application with the Board within 30 days of the resolution and receiving a determination of suitability. Metro appealed the Board’s resolution to the Nineteenth Judicial District Court,[2] and by a judgment signed January 27, 1999, the trial court vacated the resolution, finding that execution of the resolution was not within the Board’s authority. The Board filed a sus-pensive appeal of the court’s ruling.[3]
On February 17, 1999, Metro filed a petition for writ of mandamus in the same suit under which the resolution was vacated, seeking an order from the district court directing the Board and Bally’s to escrow all money or things of value to be paid, remitted, or distributed, directly or indirectly, to Park Place or any other proposed ^transferee. The Board and Bally’s filed several exceptions, including an exception of lack of subject matter jurisdiction. At a hearing on March 15, 1999, the trial court granted the defendants’ exception of lack of subject matter jurisdiction and orally dismissed the petition for writ of mandamus on the grounds that it could not be filed in a case on appeal from a final judgment.
At a meeting on March 16, 1999, while the suspensive appeal from the trial court’s January 27, 1999 ruling was pending, the Board ordered that Belle’s gross gaming revenues be placed into escrow and told the parties to discuss which expenditures were necessary. The Board made it clear that it ordered the escrow pursuant to its regulatory authority, not because it agreed with Metro’s position that its granting of conditional approval to Park Place was improper. The Board’s chairman stated that it needed to “get control” of this licensee (Belle) and that the best way to accomplish this was to “get control of the money.” The escrow was to take place on or before April 1, 1999; however, this was never done and Metro sued to force the Board to enforce its own escrow order. Apparently, the Board met again on April 20, 1999, and demanded that Metro identify which of Belle’s expenses should be paid. The escrow order was not rescinded.
In an attempt to satisfy the Board’s mandate that the parties meet to determine what money Metro wanted escrowed and what expenses they objected to, the parties met on May 26, 1999. Bally’s and Park Place wanted Metro to provide a specific list of objectionable expenses. Counsel for Metro stated Metro’s basic position regarding what monies should be escrowed, but nothing final was accomplished at the meeting.
On April 19, 1999, Metro filed a new petition for writ of mandamus as a separate suit, seeking an order directed to the Board, the Riverboat Gaming Enforcement Division of the Louisiana State Police (“Enforcement Division”), and Bally’s to escrow all money or things of value to be paid, remitted, or distributed, directly or indirectly, to Park Place, Bally’s Midwest Casino, Inc. or such other proposed transferee in a manner acceptable to the Enforcement Division until the Enforcement Division has received an application and has found them suitable in a public hearing. The Board filed exceptions of lis *146 pendens, |4no cause of action, and prematurity, and Bally’s filed exceptions of lack of subject matter jurisdiction, no cause of action, res judicata, and prematurity.
After a hearing on June 14, 1999, the trial court signed a judgment granting the exceptions of prematurity and lack of subject matter jurisdiction and dismissing the petition for writ of mandamus. In his oral reasons for judgment, he stated:
I will maintain the exception of prematurity. This is not a purely ministerial matter. The proper procedure is to request a hearing under the APA and put your evidence in, Mr. Tucker, and then appeal from whatever ruling that they have down there. If you say that they have in fact put an order in to escrow and they’re not enforcing it, you can make an APA appeal and request an enforcement. If they refuse to do that, you appeal the APA hearing and get a ruling from the court ordering them to do whatever it is you want them to do. A mandamus is the incorrect procedure at this time. There should be an APA hearing and an appeal from that. I’m also going to grant lack of subject matter jurisdiction. That’s in 459,807. And that’s the end of that one.
The Board’s suspensive appeal from the trial court’s January 27, 1999 ruling was ultimately heard by this court en banc, and a decision was rendered on December 20, 2000. This court held that the Board’s conditional approval of Park Place was not in accordance with law and vacated the December 29, 1998 resolution of the Board. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 99-0863 (La.App. 1 Cir. 12/20/00), 774 So.2d 1198 (on rehearing).
In another division of the Nineteenth Judicial District Court, Bally’s filed suit to obtain a temporary restraining order and a permanent injunction against the enforcement of the Board’s order to escrow Belle’s money. The trial court granted the temporary restraining order and issued a permanent injunction against the Board’s escrow order. Metro appealed that ruling to this court. That appeal was heard and a decision was rendered on January 31, 2001, striking down the injunction against the enforcement of the Board’s escrow order. Bally’s Louisiana, Inc. v. Louisiana Gaming Control Board, 99-2617 (La.App. 1 Cir. 1/31/01), — So.2d -, 2001 WL 80182.
Thus, based on the previous holdings of this court, the present status of this litigation is that the Board was without authority to grant approval to Park Place to operate the licensee, Belle, and the Board is entitled to enforce its escrow order. The ^question presented in the instant case is whether the trial court acted properly when it dismissed Metro’s petition for writ of mandamus by sustaining the exceptions of prematurity and lack of subject matter jurisdiction filed by Bally’s and the Board. The answer to this question is no, and the judgment granting same is reversed for the following reasons.
LAW AND DISCUSSION
Appellant asserts the following assignments of error:
1) The trial court erred in dismissing the petition on the grounds of prematurity.
2) The trial court erred in dismissing the petition on the grounds of lack of subject matter jurisdiction.
3) The trial court erred in denying the petition for writ of mandamus.
Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in LSA-C.C.P. arts. 3863 and 3864. LSA-C.C.P. art. 3861. A writ of mandamus may be issued when the law provides no relief by ordinary means or when the delay involved in obtaining ordinary relief *147 may cause injustice. LSA-C.C.P. art. 3862; State ex rel. Neighborhood Action Committee v. Edwards, 94-0630 (La.App. 1 Cir. 3/3/95), 652 So.2d 698, 700. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. It is an extraordinary remedy which must be used sparingly by the court only to compel action that is clearly provided by law. Id.; Allen v. St. Tammany Parish Police Jury, 96-0938 (La.App. 1 Cir. 2/14/97), 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97), 692 So.2d 455.
In its first assignment of error, Metro asserts that the trial court erred in granting the exception of prematurity. The Board and Bally’s allege that the petition for writ of mandamus is premature because the escrow issue was still before the Board at the time that the mandamus action was filed. A suit is premature if it is brought before the right to enforce it accrues. LSA-C.C.P. art. 423. Prematurity is determined by the facts existing at the time the suit is filed. Dunn v. Bryant, 96-1765 (La.App. 1 Cir. 9/19/97), 701 So.2d 696, 699, writ denied, 97-3046 (La.2/13/98), 709 So.2d 752. Prematurity raises the issue of whether a cause of action has not yet come into existence because some prerequisite condition is unfulfilled. Girouard v. State through Department of Education, 96-1076 (La.App. 1 Cir. 5/9/97), 694 So.2d 1153, 1155.
On March 16, 1999, the Board ordered an escrow of the net gaming proceeds of Belle, with an effective date of April 1, 1999. It is irrelevant whether the escrow order was pursuant to the Board’s general regulatory power or whether it was pursuant to 42 La. Admin. Code, Part XIII, Section 2527. As of April 19, 1999, the date that this suit was filed, the Board’s escrow order had not been implemented or enforced. When the petition for writ of mandamus was filed, Metro clearly had the right to seek enforcement of the escrow order, because it should have been in effect as of April 1, 1999. There was no other prerequisite condition that was required to be fulfilled before the petition was filed.
Furthermore, the petition for writ of mandamus is not premature because Metro had previously requested that the Board escrow Belle’s proceeds pursuant to 42 La. Admin. Code, Part XIII, Section 2527 and the request was denied. Instead, the Board ordered the escrow pursuant to its general regulatory power. It is the burden of the party raising prematurity to show “that an administrative remedy is available, by reason of which the judicial action is premature.” Id. Metro brought the issue before the Board and, after the request was denied, there was no other remedy available to Metro. Although the Board and Bally’s contend that the issue was premature because the Board had resolved to escrow Belle’s funds at the March 16, 1999 meeting, the Board clearly had no intention of escrowing the funds pursuant to 42 La. Admin. Code, Part XIII, Section 2527. The Board and Bally’s have failed to show that there was an administrative remedy available to Metro that was not pursued prior to the initiation of this lawsuit. Therefore, the petition for writ of mandamus was not premature, and the trial court erred when it granted the defendants’ exceptions of prematurity.
In its second assignment of error, Metro contends that the trial court erred in granting the exception of lack of subject matter jurisdiction. Bally’s filed an exception of 17lack of subject matter jurisdiction alleging that the Board’s suspensive appeal of the January 27, 1999 district court judgment, which vacated the December 29, 1998 resolution of the Board, divested the district court of jurisdiction over this mandamus action. We disagree.
*148 LSA-C.C.P. art.2088 provides, in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal....
In this case, the merits of the petition for writ of mandamus were not reviewable under the suspensive appeal of a separate action. A writ of mandamus is a separate and distinct remedy set forth in LSA-C.C.P. arts. 8861-3864. Although the parties may be the same in both cases and the issues in each case may be related, the petition for writ of mandamus is not dependent upon the result of another case or appeal. Therefore, the trial court was not divested of jurisdiction in the instant case due to the suspensive appeal, because the petition for writ of mandamus is an independent action that was not reviewable under the appeal. Accordingly, the judgment of the trial court granting the exception of lack of subject matter jurisdiction is vacated.
In its third assignment of error, Metro contends that the trial court erred in denying the petition for writ of mandamus. Although there was some discussion regarding the merits of the petition for writ of mandamus during the hearing on the exceptions, the trial court did not rule on the merits of the mandamus action. The trial court dismissed the petition for writ of mandamus on the grounds that it was premature and that it lacked subject matter jurisdiction to consider the merits of the petition.
Considering this court’s December 20, 2000 ruling that the Board’s conditional approval of Park Place was not in accordance with law, it is clear that the provisions of 42 La. Admin. Code, Part XIII, Section 2527 apply and that the proceeds of Belle should be placed in escrow until the transfer and transferee are approved. However, because the trial court did not reach the merits of the petition for writ of mandamus, this issue is not | ^properly before this court on appeal. Accordingly, this assignment of error is without merit.
CONCLUSION
For the reasons set forth above, we reverse the trial court judgment granting the defendants’ exceptions of prematurity and lack of subject matter jurisdiction, and we remand to the trial court to consider the merits of the petition for writ of mandamus. Costs of this appeal in the amount of $642.85 shall be borne by Bally’s Louisiana, Inc.
REVERSED AND REMANDED.

. Docket Number 456,826 of the Nineteenth Judicial District Court

. Docket Number 99 CA 0863 of the First Circuit Court of Appeal