872 So.2d 1104 (2004)
Sharon DAILEY
v.
Helen TRAVIS, et al.
No. 2002 CW 2051R.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
Writ Granted May 14, 2004.
*1105 Clifton Bingham, Jr., Andrew Dreher Benton, Baton Rouge, Counsel for Defendants/Relators Helen Travis, et al.
*1106 Miles Gregory Trapolin, New Orleans, Counsel for Plaintiff/Respondent Sharon Dailey.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
KUHN, J.
The Louisiana Supreme Court has remanded this writ application to our court for briefing, argument, and opinion. Defendants-relators, Johnnie Jones, Helen Travis, Inez Robinson, and the Louisiana Department of Public Safety and Corrections ("the Department"), assert that the trial court improperly denied their exception raising the objection of prematurity, which they raised in response to a tort action filed by plaintiff-respondent, Sharon Dailey. At issue is whether Dailey was required to exhaust administrative remedies pursuant to Louisiana Corrections Administrative Remedy Procedure ("CARP"), Louisiana Revised Statutes 15:1171-1179, and the Louisiana Prison Litigation Reform Act ("LPLRA"), Louisiana Revised Statutes 15:1181-1191, before asserting her claims in district court.

I. FACTUAL AND PROCEDURAL BACKGROUND
On July 12, 2001, Dailey filed this personal injury suit against the defendants for injuries allegedly sustained during her incarceration at the Louisiana Correctional Institute for Women ("Correctional Institute").[1] Dailey claims that on October 17, 2000, prison employees ordered her to climb on top of a water buffalo, a trailer-mounted water tank used for irrigation. Dailey asserts the prison employees knew she was not physically fit to be on top of the vehicle, knew the vehicle was not functioning properly, and knew that it was not designed for transportation. Dailey contends she fell off of the water buffalo and was severely injured. Dailey initially received treatment at the prison infirmary and was treated months later at Earl K. Long Hospital. Dailey asserts that the hospital staff referred her to a spine clinic and an orthopaedic surgeon, but that prison officials failed to provide her with the recommended medical appointments. Dailey maintains that she requested orthopedic treatment through the prison's administrative remedy procedures, but it was not provided. Due to the lack of timely and adequate medical treatment, Dailey complains she continues to suffer from pain in her neck and back.[2]
Claiming that defendants have been negligent, Dailey seeks to recover damages, including medical bills, future medical expenses, and general damages for pain and suffering. Dailey asserts that defendants have violated Louisiana Revised Statutes R.S. 15:760 and 15:831 by failing to provide reasonable medical treatment. Dailey also asserts a claim based on 42 U.S.C. § 1983, claiming that her civil rights have been violated by defendants' deliberate indifference to her need for medical care.
In response, defendants filed dilatory exceptions raising the objection of prematurity.[3] The defendants urge that Dailey has failed to exhaust her administrative remedies as required by Louisiana Revised Statutes 15:1172 of CARP and Louisiana *1107 Revised Statutes 15:1184 and 15:1191 of the LPLRA. Dailey opposed the exception, arguing that she is entitled to proceed with this trial court proceeding based on the holding of Pope v. State, 1999-2559 (La.6/29/01), 792 So.2d 713. Finding merit in this contention, the trial court denied defendants' exceptions raising the objection of prematurity in a judgment dated August 21, 2002.
Thereafter, defendants filed a writ application, which was denied by this court on March 10, 2003. Defendants then filed a writ application with the Supreme Court that was granted. The Supreme Court remanded the matter to this court for "briefing, argument and opinion." Dailey v. Travis, XXXX-XXXX (La.6/20/03), 847 So.2d 1246.
In their brief, the defendants contend that the trial court erred: 1) in holding that the Pope decision nullified the entirety of CARP legislation as it relates to tort suits; 2) by not applying the LPLRA; and 3) by not retroactively applying the provisions of CARP as amended by Acts 2002, 1st Extraordinary Session, No. 89 ("Act 89"). Dailey urges that Pope governs her case, and she was not required to exhaust administrative remedies prior to filing suit. Additionally, she contends that the amendments to CARP and the LPLRA should not be applied retroactively, because the procedure that existed when she filed her requests cannot be changed.

II. ANALYSIS
In Cheron v. LCS Corrections Services, Inc., XXXX-XXXXR2 (La.App. 1st Cir. 2/23/04), 872 So.2d 1094, 2004 WL 324533, also decided this date, we addressed whether CARP (as amended by Act 89) had retroactive effect, governing whether an inmate's tort suit filed prior to the effective date of Act 89 was premature. In Cheron, we found that Act 89 was both remedial and procedural legislation that was intended to correct inadvertent error in the prior CARP legislation. However, we also determined that though Act 89 could be applied retroactively, it could not be applied retroactively to the facts of the Cheron case without affecting substantive rights. We concluded that the administrative regulations that existed prior to the enactment of Act 89, which established deadlines for the procedures effectuating the unconstitutional CARP legislation, could not be enforced. Thus, we found that the Department was unable to establish that there were valid administrative remedies available to Cheron at the time that his cause of action arose. Accordingly, we held that the Department's exceptions raising the objection of prematurity were properly denied.
In the present case, Dailey filed her First Step request for administrative remedy procedure on January 8, 2001, in which she stated that she had been refused medication. She also complained that she had been refused treatment for her orthopedic problems. In response, Travis completed a First Step Response Form dated January 16, 2001. Travis replied that Dailey's request was granted, stating, "You were seen by [Dr. Suryadevara] on 1/12/00 and started on flexaril. You were also placed on restricted duty status and will be seen by an orthopedic doctor." Thereafter, Dailey filed an unsigned and undated request for a Second Step Review, which stated that she had received a written response to her First Step request but was not satisfied with it. She complained that the First Step response was "only partially granted. No medication have been given... neither is an orthopedic appointment scheduled (It was only stated there would be. No orders were written.)" Dailey's request for review was rejected on January 29, 2001 as "not submitted in a timely manner: over 5 days since first step response."[4] *1108 On July 12, 2001, Dailey filed suit in district court.
An exception raising the objection of prematurity pursuant to La. C.C.P. art. 926 A(1) raises the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled. Ginn v. Woman's Hosp. Foundation, Inc., XXXX-XXXX, p. 3 (La.App. 1st Cir.9/22/00), 770 So.2d 428, 430-431, writ denied, XXXX-XXXX (La.2/2/01), 784 So.2d 647. The objection contemplates that the plaintiff has filed his action prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law or contract has provided a procedure for one aggrieved by a decision to seek administrative relief before resorting to judicial action. Girouard v. State Through Dep't of Educ., 96-1076, p. 4 (La.App. 1st Cir.5/9/97), 694 So.2d 1153, 1155. Generally, the person aggrieved by an action must exhaust all such administrative remedies or specified procedures before he is entitled to judicial review. Id., 96-1076 at p. 5, 694 So.2d at 1155.
The party that raises the objection of prematurity has the burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 1999-2241, p. 6 (La.App. 1st Cir.3/7/01), 798 So.2d 143, 147, writ denied, XXXX-XXXX (La.1/4/02), 805 So.2d 1188. Once the existence of an administrative remedy is established, the burden shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. Ginn v. Woman's Hosp. Foundation, Inc., XXXX-XXXX at p. 4, 770 So.2d at 431.
In Cheron, we determined that although Act 89 is properly classified as both procedural and remedial legislation, it did not apply retroactively in that case, because such an application would have affected vested rights. Accordingly, we consider whether Act 89 affects Dailey's right to pursue her tort action, which accrued prior to the effective date of Act 89.
Louisiana Revised Statutes 15:1172 C (as amended by Act 89, effective April 18, 2002) provides that an offender's claim is abandoned if not timely initiated within the deadlines established in Subsection B. Subsection B provides that the offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained. Dailey initiated her request for an administrative remedy within 90 days of the alleged incident involving the water buffalo. Subsection B(3) further provides that, "The department is authorized to establish deadlines for the procedures and processes contained in the administrative remedy procedure provided in LAC 22:I.325." Further, Subsection C provides that "If an offender fails to timely... pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice."
Effective April 20, 2002, the Department promulgated a new adult administrative remedy procedure that utilizes a two-step system of review to address inmates' formal grievances in lieu of the *1109 three-step system that was previously used. LAC 22:I.325G. If an inmate is not satisfied with the Second Step response, he may file suit in district court. LAC 22:I.325G(2)(b). Upon filing that suit, the inmate must furnish the administrative remedy procedure number on the court forms. By its terms, the provisions of LAC 22:I.325 apply to administrative procedure requests filed on or after its effective date, April 20, 2002.[5]
Because the new administrative regulations expressly provide that they apply prospectively only, they are not applicable to Dailey's claim that arose prior to April 20, 2002. If Louisiana Revised Statutes 15:1172 C is read to reference the administrative regulations that were in place prior to the enactment of Act 89, they are unenforceable because they implemented legislation that was found unconstitutional in Pope. See Cheron v. LCS Corrections Services, Inc., XXXX-XXXXR2 (La.App. 1st Cir. 2/23/04), 872 So.2d 1094, 2004 WL 324533. Accordingly, we find that retroactive application of Section 1172 is not permissible based on the facts presented here.
Under the law that existed prior to Act 89, the Department urges that Louisiana Revised Statutes 15:1184 required Dailey to timely exhaust administrative remedies before filing her tort suit in state court. The Department further claims that Dailey's § 1983 claim is also subject to the exhaustion requirement of Louisiana Revised Statutes 15:1184 A(2), pursuant to retroactive application of Louisiana Revised Statutes 15:1191.[6] Arguing that Pope did not abrogate the entire CARP procedure, the Department posits that valid administrative remedies remained available that Dailey failed to exhaust prior to filing her suit.
The Pope decision found that the CARP legislation was unconstitutional as applied to tort suits, primarily because former Louisiana Revised Statutes 15:1177 limited the district court to performing a deferential judicial review of an administrative decision.[7] Under the regulatory procedure that existed at the time of the Pope decision, the provisions for judicial review are ultimately triggered if an offender is not satisfied with the responses received during the three-step procedure. In other *1110 words, unless the offender is fully satisfied during one of the three steps, the former regulatory procedure cannot be fully applied without encountering the judicial review provision. If we attempt to apply only a portion of these regulations, i.e., the steps that were not expressly found to violate the constitution, the administrative remedy procedure is incomplete and would not establish that the offender is entitled to file suit in district court if he is unsatisfied with the third-step response.[8] Although the Pope court found that "the problem with La.Rev.Stat. 15:1171-1179 is not ... that the statutes add an administrative remedy procedure as a prerequisite to the district court's exercise of original jurisdiction" (Pope, 1999-2559 at pp. 8-9, 792 So.2d at 718), the Pope court did not find that the then-existing administrative remedy procedure could be enforced in a piecemeal fashion. Therefore, we find that the administrative regulations in place prior to the enactment of Act 89 are unenforceable in this case, because they implement legislation that was found unconstitutional in Pope. Accordingly, we conclude that the Department has not sustained its burden of establishing an available administrative remedy.
Additionally, because we find there were no valid administrative remedies available pursuant to Louisiana Revised Statutes 15:1184, we pretermit the issue of whether Louisiana Revised Statutes 15:1191 (as amended by Acts 2001, No. 801, § 1), which arguably requires exhaustion of administrative remedies, is applicable to Dailey's claim. Thus, the trial court did not err in denying the Department's exception raising the objection of prematurity.

III. CONCLUSION
For these reasons, we find the trial court properly denied the Department's exception raising the objection of prematurity.
WRIT DENIED.
GUIDRY, J., concurs in the result.
PETTIGREW, J., concurs.
NOTES
[1] Travis and Jones were sued in their individual capacities and in their capacities as wardens of the Correctional Institute. Robinson was sued in her individual capacity and in her capacity as director of the prison infirmary.
[2] Dailey also complains a foot condition was not treated. The allegations of the petition, however, do not clarify whether this foot condition is related to the fall from the water buffalo.
[3] Defendants also raised peremptory exceptions urging the objection of no cause of action, which are not at issue in this writ application.
[4] A copy of Dailey's 5/13/01 request for a Third Step Review is attached to Dailey's original opposition memo filed with this court. This information was not introduced into evidence at the hearing on the exception and cannot be considered by this court.
[5] Also effective September 20, 2002, the Department revised the adult administrative remedy procedure to provide that the offender has 90 days from the date of an alleged event within which to initiate his administrative remedy. Under the previous regulations, the offender had only 30 days from the date of an alleged event to initiate his administrative remedy. The prior LAC 22:I.325, Administrative Remedy Procedure, is now located at LAC 22:I.324.
[6] Act 801 enacted Section 1191, which provides as follows, in pertinent part:

Except as specifically prohibited by federal law, the provisions of this Part shall also apply to all prisoner suits in state courts asserting claims arising under 42 U.S.C. 1983 or other federal laws.
[7] In rejecting the State's argument that the administrative remedy procedure authorized by Louisiana Revised Statutes 15:1171 was analogous to the Medical Malpractice Act, the Pope court also commented, "[T]he Medical Malpractice Act does not shorten the prescriptive period for the malpractice victim to file a tort action, while the DOC rules adopted pursuant to La.Rev.Stat. 15:1171 provide that the offender-tort victim has only thirty days to file the tort claim and the failure to do so precludes assertion of the cause of action in court." Pope, 1999-2559 at p. 13, n. 17, 792 So.2d at 720, n. 17. Thus, although the court did not expressly find the 30-day time period to be unconstitutional, we note that the revised statutory and regulatory procedures now provide that offenders must initiate administrative remedies within a 90-day time period from the time injury or damage is sustained. See La. R.S. 15:1172 B; 22:I.325G(1)(a).
[8] LAC 22:I:325G(2)(b) currently provides, in part, "If an inmate is not satisfied with the Second Step response, he may file suit in District Court."