STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DANIEL MOSLEY

VERSUS

LOUISIANA DEPT. OF PUBLIC SAFETY & CORRECTIONS, ET AL.


**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2007-0197
HONORABLE STUART S. KAY  JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and Glenn B. Gremillion, Judges.

**AFFIRMED.**


**David L. Wallace**
**P. O. Box 489**
**DeRidder, LA 70634**
**(337) 462-0473**
**Counsel for Plaintiff/Appellant:**
    **Daniel Mosley**

**Michael W. Landry**
**Assistant Attorney General**
**Suite 1200, One Lakeshore Drive**
**Lake Charles, LA 70629**
**(337) 491-2880**
**Counsel for Defendant/Appellee:**
    **Louisiana Dept. of Justice Division of Risk Litigation**

GREMILLION, Judge.

The plaintiff, Daniel Mosley, appeals the trial court's grant of an exception of no cause of action in favor of the defendant, the Louisiana Department of Public Safety and Corrections (State), Brent Thompson, and William Perry, and the dismissal of his claim with prejudice. We affirm.

## FACTS

Mosley, an inmate in the Beauregard Parish Jail in DeRidder, Louisiana, filed suit in the Thirty-Sixth Judicial District Court on March 8, 2007, seeking damages as a result of injuries that he allegedly suffered at the hands of prison officers on July 28, 2006. Named as defendants in the suit were the State, Thompson, Perry, and two other employees of the State. Mosley alleged that he suffered serious injuries at the hands of the employees while handcuffed and as an inmate in the jail. The State eventually filed an exception of no cause of action based on Mosley's failure to exhaust administrative remedies pursuant to the Corrections Administrative Remedy Procedure (CARP), La.R.S. 15:1171 et seq. and the Prison Litigation Reform Act (PLRA), La.R.S. 15:1181 et seq. Following a hearing, the trial court granted the exception and dismissed Mosley's claim with prejudice. This appeal followed.

## ISSUE

Mosley argues that the trial court erred in granting the exception of no cause of action by finding that he was first required to exhaust his administrative remedies pursuant to CARP.

### EXCEPTION OF PREMATURITY

Although the State presented their argument via an exception of no cause

of action, this matter more properly should have been brought pursuant to an exception of prematurity. Thus, we will treat this matter as an exception of prematurity.

An exception of prematurity raises the issue of whether a plaintiff has fulfilled a prerequisite condition prior to filing his suit such that the question is presented as to whether his cause of action yet exists. La.Code Civ.P. art. 926(A)(1); *Gray v. State*, 05-617 (La.App. 3 Cir. 2/15/06), 923 So.2d 812. The party raising the exception of prematurity has the burden of proving that an administrative remedy is available and that the plaintiff failed to submit his claim for review before the administrative tribunal prior to filing suit. *Id.* Once the exceptor has shown that an administrative remedy exists, the burden shifts to the plaintiff to prove that he has exhausted his administrative remedies or that the administrative remedies available to him are irreparably inadequate. *Ngo v. Estes*, 04-186 (La.App. 3 Cir. 9/29/04), 882 So.2d 1262.

Mosley argues that the trial court erred in finding that he was first required to exhaust his administrative remedies before he could file a claim in the trial court. He argues that following the Louisiana Supreme Court's decision in *Pope v. State of Louisiana*, 99-2559 (La. 6/29/01), 792 So.2d 713, original jurisdiction for prisoner suits sounding in tort lies in the district courts, rather than in the Department of Corrections' administrative tribunal. However, this argument ignores the legislature's subsequent amendment to CARP.

In *Pope*, 792 So.2d at 720 (footnotes omitted), the supreme court held:

> We conclude that the Legislature cannot, by legislative act, divest the district courts of the original jurisdiction fixed by the Constitution

2

in those civil matters, such as tort actions, in which the Constitution does not otherwise provide for original jurisdiction in other tribunals. The Legislature, of course, is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review, for example, of frivolous claims, as long as the action of the administrative agency does not constitute the exercise of original jurisdiction.

Subsequent to *Pope*, the legislature amended portions of CARP by Acts 2002, 1st Ex.Sess., No. 89, § 2, effective April 18, 2002. La.R.S. 15:1172(B)(1) was added to provide, "An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained." The amendment further provided for the suspension of liberative prescription in delictual actions until a final administrative decision was rendered. La.R.S. 15:1172(E). Finally, Louisiana Revised Statutes 15:1177(C) was amended to provide that district courts retained original jurisdiction in prisoner claims arising from delictual actions. See *Gray v. State*, 05-617 (La.App. 3 Cir. 2/15/06), 923 So.2d 812.

Pursuant to these amended provisions, Mosley was required to submit his claim for damages to the administrative tribunal within ninety days of sustaining his injuries at the hands of the named officers. La.R.S. 15:1172. However, once an administrative decision was rendered, he would then have had the right to file his claim as an original civil action in the district court. La.R.S. 15:1177. As Mosley failed to submit his claim pursuant to CARP prior to filing the instant suit, we find that the trial court correctly granted the State's exception of prematurity and dismissed his claim with prejudice.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

The costs of this appeal are assessed to the plaintiff-appellant, Daniel Mosley.

**AFFIRMED.**