STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-863

RAINEY WALLACE

VERSUS

THE GEO GROUP, INC., ET AL.

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2008-303
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

SUMMARY JUDGMENT REVERSED AND VACATED; REMANDED.

Roy Maughan
The Maughan Law Firm
634 Connell's Park Lane
Baton Rouge, LA 70806
(225) 926-8533
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rainey Wallace

Charles A. Jones, III
Attorney at Law
P.O. Box 995
DeRidder, La 70634
(337) 463-5532
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rainey Wallace

**Samuel B. Gabb**
**Plauche′, Smith & Nieset, LLC**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Geo Group, Inc.**

**Joseph Richard Pousson, Jr.**
**Plauche′, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Brandon Lofton**

**GREMILLION, Judge.**

Rainey Wallace, the plaintiff/appellant, appeals the trial court's grant of summary judgment in favor of the defendant/appellee, Geo Group, Inc., dismissing his suit for failure to exhaust administrative remedies. For the following reasons, we reverse and remand this matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Wallace was an inmate of the Allen Correctional Center (ALC) in Kinder, Louisiana, which was operated by GEO. He claims he sustained injuries as a result of the use of excessive force by several corrections officers on July 10, 2007. On July 11, 2007, Wallace submitted two Requests for Administrative Remedy which were assigned ARP (Administrative Remedy Procedure) Numbers ALC-2007-809 and ALC-2007-810. A day later, Wallace withdrew the initial request, and the second request was rejected as a duplicate filing. Wallace sought no further review of the initial filings.

On March 18, 2008, Wallace filed another ARP, ALC-2008-308, which was rejected as untimely filed and duplicative of ALC-2007-809. Wallace received notice of the rejection on April 17, 2008.

On May 6, 2008, Wallace claims to have submitted a request that the Louisiana Department of Public Safety and Corrections (DPSC) review his claims regarding the incident, but DPSC has no record of having received any request from Wallace.

Wallace instituted a petition for damages in district court on June 24, 2008, stating that he had exhausted the available administrative remedies. GEO's first motion for partial summary judgment was granted, dismissing Wallace's claims for attorney's fees and punitive damages. GEO next filed a motion for summary judgment, urging that Wallace had failed to exhaust administrative remedies since DPSC had not reviewed his claims. The trial court granted GEO's motion for

summary judgment. Wallace filed a motion for new trial, which was denied in April 2011. Wallace now appeals and assigns as error:

> The Trial Court committed reversible error granting Defendants' Motion for Summary Judgment dismissing Appellant's suit without prejudice finding Appellant failed to exhaust available administrative remedies. Available remedies were irreparably inadequate due to Defendant's failure to perform responsibilities imposed by Louisiana Administrative Code 22:I.325, which was a denial of due process and the cause of any alleged failure by Appellant to properly take the second step to exhaust available administrative remedies.

## DISCUSSION

### *Summary Judgment*

We note that GEO presented its argument that Wallace failed to exhaust administrative remedies pursuant to a motion for summary judgment. This is an improper procedural device to use when claiming that a party has failed to exhaust administrative remedies. Instead, GEO should have filed an exception of prematurity pursuant to La.Code Civ.P. art. 926 (A)(1). *Dailey v. Travis*, 02-2051 (La.App. 1 Cir. 2/23/04), 872 So.2d 1104, *aff'd,* 04-744 (La. 1/19/05), 892 So.2d 17; *Mosley v. La. Dept. of Pub. Saf. & Corrs.*, 07-1501 (La.App. 3 Cir. 4/2/08), 980 So.2d 836. Thus, we will treat this matter as an exception of prematurity. In *Mosley,* 980 So.2d at 837, a panel of this court stated:

> An exception of prematurity raises the issue of whether a plaintiff has fulfilled a prerequisite condition prior to filing his suit such that the question is presented as to whether his cause of action yet exists. La.Code Civ.P. art. 926(A)(1); *Gray v. State,* 05-617 (La.App. 3 Cir. 2/15/06), 923 So.2d 812. The party raising the exception of prematurity has the burden of proving that an administrative remedy is available and that the plaintiff failed to submit his claim for review before the administrative tribunal prior to filing suit. *Id.* Once the exceptor has shown that an administrative remedy exists, the burden shifts to the plaintiff to prove that he has exhausted his administrative remedies or that the administrative remedies available to him are irreparably inadequate. *Ngo v. Estes*, 04-186 (La.App. 3 Cir. 9/29/04), 882 So.2d 1262.

In *Cheron v. LCS Corrections Services, Inc.,* 02-1049, p.15 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, 1103, *aff'd*, 04-0703 (La. 1/19/05), 891 So.2d 1250,

2

and *Dailey*, 872 So.2d 1104 at 1108 (both of which were rendered on the same day) the court stated:

> The objection contemplates that the plaintiff has filed his action prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law or contract has provided a procedure for one aggrieved of a decision to seek administrative relief before resorting to judicial action. *Girouard v. State Through Dep't of Educ.*, 96-1076, p. 4 (La.App. 1st Cir. 5/9/97), 694 So.2d 1153, 1155. Generally, the person aggrieved by an action must exhaust all such administrative remedies or specified procedures before he is entitled to judicial review. *Id.,*1996-1076 at p. 5, 694 So.2d at 1155.

In considering this as an exception of prematurity, we note that "no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court" in a suit involving the Corrections Administrative Remedy Procedure (CARP) found in La.R.S. 15:1171 et seq. *Edwards v. Bunch*, 07-1421, p. 5 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152. *See also Samuels v. Goodwin,* 05-2131 (La.App. 1 Cir. 11/3/06), 950 So.2d 736. Accordingly, as will be more fully explained below, based on our review of the record, we find that Wallace proved that the administrative remedies available to him were irreparably inadequate, thus allowing him to proceed in district court.

***Administrative Review Procedure***

Louisiana Revised Statutes 15:1184 (A)(1)(a) and (2) provides:

> (a) "Administrative remedies" means written policies adopted by governmental entities responsible for the operation of prisons which establish an internal procedure for receiving, addressing, and resolving claims by prisoners with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. Such "administrative remedies" need not be adopted or published in compliance with R.S. 15:1171.
>
> . . . . .
>
> (2) No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.

3

The Administrative Remedy Procedure to be used by inmates is found in La.Admin. Code 22:I.325. It applies to an inmate's complaints of personal injury. La.Admin. Code 22:I.325(B). The "Policy" portion of La.Admin.Code (La.Admin.Code 22:I.325(E)(3)) provides (emphasis added): "Written Responses. At each stage of decision and review, inmates will be provided written answers that explain the information gathered or the reason for the decision reached *along with simple directions for obtaining further review*."

"Inmates are required to use the procedure before they can proceed with a suit in federal and state courts." La.Admin. Code 22:I.325(A)(1). The process is initiated by an inmate by writing a letter to the warden containing the phrase "This is a request for administrative remedy." La.Admin. Code 22:I.325(F)(2)(a). Section G sets forth the "Process" as follows (emphasis added):

1. First Step (Time Limit 40 days)

   a. The inmate commences the process by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought (refer to Subsection F, "Procedure-Initiation of Process" for the requirements of the letter). The inmate should make a copy of his letter of complaint and retain it for his own records. The original letter will become a part of the process, and will not be returned to the inmate. The institution is not responsible for furnishing the inmate with copies of his letter of complaint. This letter should be written to the warden within 90 days of an alleged event. (This requirement may be waived when circumstances warrant. The warden, or his designee, will use reasonable judgment in such matters.) The requests shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is being rejected. The warden may assign another staff person to conduct further fact-finding and/or information gathering prior to rendering his response. The warden shall respond to the inmate within 40 days from the date the request is received at the first step.

   b. For inmates wishing to continue to the second step, *sufficient space will be allowed on the response to give a reason for requesting review at the next level.* There is no need to rewrite the original letter of request as it will be available to all reviewers at each step of the process.

2. Second Step (Time Limit 45 days)

a. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections *by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.* A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. A copy of the secretary's decision will be sent to the warden.

b. If an inmate is not satisfied with the second step response, he may file suit in district court. The inmate must furnish the administrative remedy procedure number on the court forms.

Attached to its motion for summary judgment, GEO submitted the affidavit of Rhonda Weldon, a paralegal at the DPSC, who reviewed the records maintained at DPSC and stated that she:

located ARP No ALC-2008-308 regarding an alleged use of force incident that occurred on July 10, 2007. Inmate Wallace's Request for Administrative Remedy was received at Allen Correctional Center on March 19, 2008 and was rejected by prison officials at that facility. Inmate Wallace's request was rejected as untimely and as being duplicative of a request that Inmate Wallace had previously withdrawn. No further appeal or subsequent Request for Administrative Remedy from Inmate Wallace has been documented or noted by DPSC, and DPSC has not issued a Second Step Response to Inmate Wallace regarding any incident that might have occurred on July 10, 2007.

Terry Langley, a Captain employed by the GEO Group testified via affidavit that during his investigation of Wallace's allegations, two of the corrections officers named in Wallace's complaint resigned from employment. He further stated:

As the officers purportedly involved in the altercation with Inmate Wallace had resigned from employment, Inmate Wallace seemingly received the relief sought through the ARPs. Thereafter, Inmate Wallace withdrew the initial administrative filing, which had been assigned ARP No. ALC-2007-809. The accompanying request, ARP No. ALC-2007-810, was rejected as duplicative. Affiant did not, at any time, coerce or threaten Inmate Wallace regarding this incident or the administrative grievances Inmate Wallace had filed.

Wallace's initial complaint, dated July 11, 2007, details the assault he claims occurred at the hands of several corrections officers. Next in the record appears ALC's "Administrative Remedy Procedure Withdrawal Form" pertaining to ALC-

5

08-809.   The form states "PLEASE BE ADVISED THAT I WISH TO WITHDRAW THE ARP REFERENCED BELOW."  It then lists "REASON FOR WITHDRAWING" and provides a blank space for the inmate to provide his reason.  Wallace handwrote "I am satisfactory (sic) with my redmey (sic)."

Next follows Wallace's second request for administrative remedy, also filed on July 11, 2007, which was rejected.  The rejection form issued by DPSC and signed (a typed signature) by Beth Swain above a line designated as "Warden's Signature or Designee" states "Your request has been rejected for the following reason(s):  Inmate has already ARPed on this issue and dropped it."

Wallace's third complaint, dated March 18, 2008, appears in the record and alleges that he was intimidated by threat of force to drop his previous ARP and feared for his safety.  He requested that his previous ARPs be reinstated.

The April 15, 2008 rejection issued by DPSC states: "The ARP has been rejected for the following reasons: (1) Your complaint is out-of-time.  (2) It is a duplicate complaint, that has already been addressed with ARP # ALC-2007-809, in which you voluntarily decided to dismiss the complaint (see attachment.)"  This form is identical to the rejection form issued after the second request, although it is signed by Katy Matte above the Warden's Signature or Designee.

On March 19, 2008, the ALC Legal Department issued a letter to Wallace regarding the third ARP rejection, which states in full:

> Please be advised that your ARP dated "7-10-07" has been rejected. Your complaint is out-of-time.  You state the date of incident as "8-9-07".  There has been a time lapse of approximately 220 days from the date of the incident and the date we received your request.  The LDPSC Regulation B-05-005, page 9, reasons for rejection, item 10, states; There has been a time lapse of more than 90 days between the event and the initial request.  No further action will be taken on this request for Administrative Remedy.
>
> NOTE: In addition, your initial complaint was addressed in ARP ALC 2007-809, in which you voluntarily decided to dismiss.  ARP ALC 2007-810 was rejected because it related to the complaint in 2007-809, and no evidence of coercion could be linked to your decision.

6

None of the forms issued by DPSC or by the ALC provide "simple directions for obtaining further review." La.Admin.Code 22:I.325(E)(3). There is no mention that a second-step review is available or how an inmate is to proceed to obtain a second-step review. The Administrative Code specifically sets forth a "Request for Administrative Remedy Form (ARP-1)" in part I.

Part J of La.Admin. Code 22:I.325 provides a "First Step Response Form (ARP-2)" that specifically sets forth simple written instructions to be given to the inmate in the form. It states: "Instruction to Inmate: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer within 5 days of your receipt of this decision." It provides several blank lines below and further states "() I am not satisfied with this response and wish to proceed to Step Two." Next follows an area captioned "REASON:" with blank lines for the inmate to complete.

Part K of La.Admin.Code 22:I.325 provides a "Second Response Form (ARP-3)" with the second-step response taken. None of the various forms issued by either DPSC, the Legal Department at Allen Correctional Center, or some designee or representative of the prison contain any information whatsoever about the second-step response.

Nevertheless, on May 6, 2008, Wallace sent a five-page letter to DPSC regarding a second-step request for administrative remedy, urging that the Allen Correctional Center failed to review an ARP. However, DPSC denies ever having received that letter. There is a handwritten notation at the top of the letter stating "ALC Legal" that is clearly not in Wallace's handwriting. We find that regardless of the nature of this submission, the ALC's failure to follow the guidelines set forth in the administrative procedure prevented Wallace from timely filing his second-step request. That Wallace untimely and inappropriately went to the trouble of

7

mailing his second-step request to DPSC rather than simply giving it to the appropriate officer at Allen Correctional Center buttresses the argument that he was never informed of the appropriate procedure necessary to undertake a second-step review. We need not even address the merits of the underlying claims of coercion and intimidation because we find that DPSC failed to follow its own procedure of notification.

> If the department did not follow its own procedural requirements, any questions regarding the completion of the three step process should, *a fortiori*, be strictly interpreted against it. The department drafted the administrative remedy procedure. The department's blatant failure to follow its own procedural rules and regulations should not be manipulated to accrue to its benefit.

*Sims v. Wackenhut Health Servs., Inc.,* 97-1147, p. 6 (La.App. 1 Cir. 2/20/98), 708 So.2d 1140, 1142, *writ denied,* 98-0747(La.5/1/98), 718 So.2d 417.

It is clear from the record that Wallace has made many attempts to have his complaints addressed, though not in the proper form. This court cannot allow Wallace to be prejudiced by his informality when DPSC bore the duty to inform Wallace of the procedure necessary to move through the administrative review process. We find Wallace has pursued his administrative remedies "to the fullest extent possible under the circumstances." *Sims,* 708 So.2d at 1143. Thus, his administrative remedies have been exhausted and no longer apply to him. *Id.* Wallace can properly proceed in district court. Accordingly, the summary judgment granted in favor of GEO is reversed and vacated, and this case is remanded for further proceedings consistent with this opinion.

**SUMMARY JUDGMENT REVERSED AND VACATED; REMANDED**.

8