CARTER, Judge.
This is an appeal taken from a judgment of the trial court denying injunctive relief to the appellant.
FACTS
Louis Brown, appellant, and Earnie Mae Blackshear Brown, appellee, were judicially separated and were subsequently divorced by judgments rendered under Docket Number 40,812 of the Family Court of East Baton Rouge Parish. On May 11, 1979, appellant filed suit to partition by licitation the property belonging to the former community of acquets and gains between appellant and appellee. Thereafter, appellee filed a pleading styled “Answer to Petition for Partition of Community Property,” setting forth numerous answers and allegations.[1] On January 27,1981, judgment was *852 rendered decreeing that the immovable property was community property and that it be partitioned by licitation.[2] The judgment further ordered that the proceeds from the sale of the immovable property be held in escrow, subject to further orders by the court.
On June 9, 1982, another judgment was rendered, pursuant to written reasons, in favor of appellee “in the sum of $6,000.00, representing reimbursement from plaintiff’s (appellant’s) half of the proceeds of the sale of the community home.”[3] The formal judgment, signed on September 3, 1982, provides, in pertinent part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be, and judgment is rendered herein in favor of respondent, Earnie Mae Blaekshear Brown, in the sum and amount of SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sheriff of this Parish is to pay the entirety of the proceeds of the sale of June 17, 1981, to Earnie Mae Blaekshear Brown, which money is on deposit in the registry of the Court.[4]
Pursuant to this judgment, on September 30, 1982, appellee received $4,681.93 from the East Baton Rouge Parish Sheriff, representing the balance of the proceeds from the partition sale.
On December 12, 1983, appellee filed a petition for garnishment, alleging, in pertinent part, as follows:
Petitioner, on the 3rd day of September, 1982, obtained a judgment in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, against Louis Brown, plaintiff herein, in the full and true sum of SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS.
2.
Petitioner now shows that nothing has been paid on the subject judgment.
In response to this pleading, appellant filed a pleading styled “Motion for Injunction to Recall and Set Aside Garnishment.” This pleading attempted to attack the final judgment rendered on June 9, 1982, and signed on September 3, 1982.[5] Thereafter, *853 appellee filed exceptions of unauthorized use of summary proceedings and no cause of action and requested an award for damages and reasonable attorney’s fees.
The court minutes indicate that on January 20, 1984, a hearing on the motion for injunction to recall and set aside the garnishment was conducted, and the trial judge refused to take action in the matter. After appellant applied to this Court for Writs of Certiorari, Prohibition, Mandamus and Review, the writ was granted and made peremptory, ordering the trial court to render a decision on appellant’s motion. Thereafter, on February 16, 1984, the trial judge rendered judgment, which was signed on April 11, 1984, denying appellant injunctive relief. From this adverse judgment, appellant appeals.[6]
ARGUMENT
The essence of appellant’s appeal questions the validity of the trial court judgment dated September 3, 1982, which granted appellee a $6,000.00 money judgment in addition to the entire proceeds from the sale of the community home.
As the time period for appealing the judgment of September 3, 1982, has expired, appellant’s only remedy is an action to annul -the judgment.
The Louisiana Code of Civil Procedure distinguishes between judgments which are absolutely null and judgments which are relatively null. LSA-C.C.P. art. 2002 provides:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
*854 Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
LSA-C.C.P. art. 2004 states:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Article 2002 lists what are generally termed “absolute nullities”, while Article 2004 sets forth the so-called “relative nullities.”
The significance of the difference between absolute nullities (vices of form) and relative nullities (vices of substance) is discussed in LeGlue Buick, Inc. v. Smith, 390 So.2d 262, 264 (La.App.3rd Cir.1980), as follows:
A judgment is an absolute nullity when there exists a vice of form. LSA-C.C.P. Article 2002, supra and the Official Comment to that article. A person with interest may show such nullity in collateral proceedings at any time and before any court, for absolutely null judgments are not subject to the venue and the delay requirements of the action of nullity. Nethken v. Nethken, 307 So.2d 563 (La.1975); Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3 Cir.1969), cert. denied [254 La. 930,] 228 So.2d 485 (1969); Garnett v. Ancar, 203 So.2d 812 (La.App. 4 Cir.1967); Franz v. Franz, 315 So.2d 79 (La.App. 4 Cir.1975); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3 Cir.1976). A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. Nethken v. Nethken, supra.
On the other hand, ‘a final judgment obtained by fraud or ill practices may be annulled ...’. LSA-C.C.P. Article 2004. Such a judgment is not an absolute nullity; the nullity must be properly decreed within the time prescribed. The established jurisprudence of this State requires that such grounds be asserted in a direct action and not raised collaterally. Nethken v. Nethken, supra; Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans [246 La. 893], 168 So.2d 595 (La.1964). What is meant by a ‘direct action’ is that the party praying for the nullity of a judgment must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. LSA-C.C.P. Article 1201, 2001-2006; Nethken v. Nethken, supra; Garnett v. Anear, supra.
See Mouton v. Vallot, 415 So.2d 652 (La.App. 3rd Cir.1982).
In the case sub judice, appellant sought to annul a final judgment by filing a motion for injunction to recall and set aside a garnishment. Clearly, whether the judgment sought to be annulled is a relative nullity or an absolute nullity or whether the attack must be direct or may be done collaterally, the attack must be made via ordinary proceedings. The summary proceeding instituted in the instant case is clearly inappropriate and unauthorized to attack a final judgment. Although under LSA-C.C.P. art. 2592(1), a summary proceeding is authorized to dissolve a premature seizure as an “incidental question” arising in the course of litigation, it is not a proper vehicle to annul a judgment, nor is it a proper vehicle to award damages or attorney’s fees.[7] Ponder v. Relan Produce Farms, Inc., 439 So.2d 498 (La.App. 1st Cir.1983); Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir.1969).
*855 A timely and appropriate dilatory exception to the unauthorized use of summary proceedings was filed and should have been sustained. The trial court erred in ruling on the merits and not sustaining the exception of improper use of summary proceeding.[8]
CONCLUSION
For the foregoing reasons, the judgment denying the injunction is reversed. The dilatory exception of unauthorized use of summary proceeding is maintained. The matter is now remanded to the lower court for additional proceedings consistent with the views expressed herein. All costs are to await final determination of the case.
REVERSED AND REMANDED.

. In this pleading, appellee alleged that she and appellant had lived separate and apart from June 21, 1965, until February 2, 1972, that during this period her separate earnings were used to maintain and preserve community assets, and that certain other separate assets inherited from her deceased mother were used to pay mortgage installments on the community home. She, *852 therefore, concluded that she was entitled to reimbursement for the separate funds used to pay community debts. Appellee’s pleading was concluded with the following prayer:
WHEREFORE, DEFENDANT PRAYS:
That all the rights and claims between the defendant on the one hand and plaintiff and the community on the other hand, and particularly the community debt to defendant, be determined and fixed, and taken in consideration in any judgment rendered herein;
That it be decreed that any auction or forced sale of community realty or tangible movables would be contrary to the interests of the parties and therefore avoided;
That it be decreed that defendant has one-half community interest in plaintiffs retirement benefits from Uniroyal (USS Chemicals) Corporation as accrued up to April 12, 1977, the date of dissolution of the community, subject to eventual retirement;
That any decree relating to a property settlement and partition between the parties shall be equitable and in accordance with the evidence; and
For all orders and decrees necessary or proper in the premises and for general and equitable relief.

.This judgment was signed on February 2, 1981.

. This language appears in the minutes of the court, the notice for judgment, and the trial court's written reasons.

. No appeal was taken from this judgment.

. The "Motion for Injunction to Recall and Set Aside Garnishment" provided:
NOW INTO COURT, through undersigned counsel, comes LOUIS BROWN, defendant in a garnishment proceeding filed against his employer, Southern University, through its Payroll Officer on December 12, 1983, and served on mover's employer on January 3, 1984, and moves this Honorable Court to recall and set aside the said proceedings and to enjoin EARNIE MAE BLACKSHEAR BROWN from issuing any further proceedings in an attempt to collect the judgment sued on herein for the following reasons:
1.
As will be shown by the record in this case, the judgment sued on herein was for any interest mover had in the community of ac-quets and gains formerly existing between mover and Earnie Mae Blaekshear Brown.
2.
That said judgment could only be settled from the sale of the community property, and *853 was not intended to be a blanket judgment under which mover’s separate property could be seized.
3.
That the petition for garnishment, filed by Earnie Mae Blackshear Brown, and the order ordering the seizure of mover’s separate property, real and personal, including his salary, is illegal, null and void, as the proceeds from the sale of the community property owned by mover and Earnie Mae Blackshear Brown was paid over to Earnie Mae Blackshear Brown in full settlement of said judgment.
4.
That petitioner is entitled to a judgment against Earnie Mae Blackshear Brown for damages for filing this illegal garnishment, including but not limited to attorney’s fees and costs.
WHEREFORE, mover prays that a rul [sic] nisi issue herein ordering the said Earnie Mae Blackshear Brown to show cause on a date and at a time to be fixed by this Court why the garnishment issued against mover should not be recalled and set aside, and why she should not be enjoined from filing any further proceeding in an attempt to collect the judgment sued on herein, and why she should not be condemned to pay mover damages, including but not limited to, attorneys fees and costs.

. On appeal, appellant formally sets forth two specifications:
1. The Court erred in refusing to grant appellant an injunction enjoining the defendant from garnishing plaintiffs salary under a judgment that had been satisfied according to law and the Judge’s ruling as set out in his reasons for judgment at the time the case was decided; and
2. The Court erred in not correcting the original judgment to correspond to his findings, either at the time of signing or when relator filed for an injunction, as the law and his reasons for judgment clearly state that separate funds used by a spouse for benefit of the community property are reimbursible only from the community assets.
In brief, but without formal specifications of error, appellant complains:
1. That the judgment should be annulled as obtained by an ill practice since enforcement of the judgment would be "unconscien-tious” and inequitable even though no actual fraud or intentional wrong is shown in procurement of the judgment;
2. That the judgment should be decreed illegal and enjoined from enforcement; and 3. That the original judgment should be "corrected” to correspond to the written reasons for judgment.
Although we do not address each of appellant's assignment of error individually, the opinion adequately discusses all of the pertinent issues raised.

. It is proper to hear a motion for preliminary injunction by way of summary proceeding, if the preliminary injunction is ancillary to a petition for permanent injunction or other ordinary proceedings. LSA-C.C.P. art. 2592 and 3601; See Louisiana Livestock Sanitary Board v. Johnson, 372 So.2d 585 (La.App. 3rd Cir.1979), writ denied, 373 So.2d 967 (La.1979). However, appellant prays only for an injunction and does not pray for a preliminary injunction in his motion.

. We are aware of the language used by this Court in Brown v. Brown, decided under Docket Number 84CW0168 on February 24, 1984, granting appellant's application for writs and ordering the trial court to render a decision on his motion for an injunction. However, upon examination of the entire record, we find that justice requires the result we have reached in the instant case.