JOY COSSICH LOBRANO, Judge.
| ,In this public bid case, Appellant, Lan-dis Construction, L.L.C. (“Landis”), appeals the district court’s June 15, 2015 judgment granting the exception of prematurity filed by the New Orleans Regional Transit Authority (“RTA”) and denying Landis’s petition for Preliminary Injunction, Declaratory Judgment and Writ of Mandamus, or Alternatively for Damages. For the reasons set forth below, Landis’s appeal with respect to its causes of action for injunctive relief, for mandamus relief directing the RTA to award the contract, and for damages for the cost of preparing its bids is dismissed as moot; the district court’s ruling granting the RTA’s exception of prematurity with respect to Lan-dis’s declaratory judgment cause of action under La. R.S. 38:2220.1 through 2220.4 is reversed; Landis’s cause of action for mandamus relief directing the RTA to award a change order is dismissed for failure to state a cause of action; and this matter is remanded to the district court for further proceedings.
The facts of this case are as follows: In early 2014, the RTA issued Invitation for Bid # 2014-04 (IFB # 1), seeking bids for a contract to renovate and |2upgrade RTA’s Carrollton Facility on Willow Street (“the Contract”). At the April 29, 2014 bid opening, Landis was the sole bidder. However, on May 14, 2014, the RTA advised Landis that IFB # 1 was cancelled because Landis’s bid was over budget.
On October 30, 2014, RTA issued a second IFB, # 2014-25 (“IFB # 2”). At the December 18, 2014 bid opening, Landis was again the sole bidder and its bid was within budget. Landis submitted post-bid information on December 30, 2014. On March 27, 2015, the RTA procurement director informed Landis that the decision had been made to recommend the award of the contract to Landis at its April board meeting; however, on April 29, 2015, Lan-dis received a letter from RTA advising that IFB #2 had been cancelled in its entirety, without providing any reasons for the cancellation.
On April 30, 2015, RTA issued a third IFB, # 2015-06 (“IFB # 3”), soliciting bids due June 4, 2015. Landis filed suit on May 8, 2015, pursuant to La. R.S. 38:2220.1, seeking an injunction prohibiting the RTA from re-advertising and issuing IFB # 3; issuance of a writ of mandamus directing the RTA to award the contract for the Carrollton Facility Upgrade to Landis, as well as a change order for added costs due to RTA’s delay in making the award; a declaratory judgment declaring that the RTA violated Louisiana’s Public Bid Law as to IFB # 2 and for corresponding attorney’s fees and costs; and, alternatively, for damages for lost profits and costs to prepare the bid. RTA filed an exception of prematurity, ^contending that Landis’s claims were premature because it had not exhausted the administrative remedies set forth in the protest procedure included in the IFB.
*601 On June 15, 2015, the district court entered judgment sustaining the prematurity exception, based upon Landis’s failure to exhaust the RTA’s protest procedure as outlined in the bid documents prior to filing suit.[1] The district court’s judgment also denied Landis’s preliminary injunction, declaratory judgment, and writ of mandamus or alternatively for damages.
Landis appealed, asserting two assignments of error: (1) that the district court erred as a matter of law in granting the exception of prematurity; and (2) the district court erred by denying Landis’s request for a preliminary injunction and mandamus. However, at oral argument, counsel for both parties represented to the Court for the first time that subsequent to the filing of the appeal, the RTA had awarded the contract for-IFB # 2 to Lan-dis, mooting certain of its claims. We ordered counsel for the parties to file supplemental briefs informing us of which issues remained for our consideration.
In its supplemental brief, Landis informed the Court that because it was awarded the Contract, all of the issues raised in its original petition were moot except for its claim for a writ of mandamus directing the RTA to award a change order to compensate for any added costs resulting from the delay in the award of IFB # 2; and for a declaratory judgment and corresponding .attorney’s fees and costs |4pursuant to La. R.S. 38:2220.4 with respect to IFB # 2. For the reasons set forth below, we find that Landis’s appeal with respect to its causes of action for injunctive relief, for mandamus relief directing the RTA to award the Contract, and for damages is dismissed as moot; Landis’s claim for mandamus relief directing the RTA to award a change order is dismissed for failure to state a cause of action; the district court’s ruling granting the RTA’s exception of prematurity with respect to Landis’s declaratory judgment cause of action is reversed; and this matter is remanded to the district court for further proceedings.

1. Moot Causes of Action

“It is well established that appellate courts will not render advisory opinions from which no practical results can follow.” Whitney Nat. Bank of New Orleans v. Poydras Ctr. Associates, 468 So.2d 1246, 1248 (La.Ct.App. 4th Cir.1985). For this reason, we do not consider moot questions on appeal. Id.
Following the docketing of the appeal of this matter, the RTA awarded Lan-dis the Contract advertised in IFB #2.[2] *602 This had the result of rendering moot |BLandis’s claim for mandamus relief ordering the RTA to award it the Contract and for injunctive relief restraining the RTA from going forward with IFB #3. The award to Landis likewise mooted the issue of damages Landis claimed to have incurred in preparing the bids. Accordingly, Landis’s appeal as it relates to the foregoing causes of action is hereby dismissed as moot.

2. Declaratory Judgment Cause of Action

Landis contends that its portion of the appeal seeking review of the dismissal of its declaratory judgment cause of action is still viable. Landis sought a declaratory judgment that the RTA violated the Public Bid Law when it failed to award the contract under IFB # 2 within forty-five days, as required by statute.[3] Landis sought declaratory relief.and corresponding attorney’s fees and costs pursuant to La. R.S. 38:2220.4, which provides in part:
(A). The court shall enter an order declaring whether a violation of R.S. 38:2211 et seq. has occurred. The declaration shall have the force and effect of a final judgment or decree.
(B). (1) The court shall also award to . the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees,.,.
We find that the district court erred in granting the exception of prematurity dismissing these claims based on failure to exhaust administrative remedies.
The dilatory exception of prematurity given at La.Code Civ. Pro. art 926(A)(1) raises the issue of whether a cause of action is ripe for judicial ^determination. Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson, 04-0451, p. 4 (La.12/1/04), 888 So.2d 782, 785. It is premised on the contention that a cause of action does not yet exist because of an unmet prerequisite condition. Steeg v. Lawyers Title Ins. Corp., 329 So.2d 719, 720 (La.1976). It is usually utilized in cases in which the applicable law or contract provides an administrative procedure as a precondition for judicial action. Girouard v. State Through Dep’t of Educ., 96-1076, p. 4 (La.App. 1 Cir. 5/9/97), 694 So.2d 1153, 1155. It is determined by the facts existing at the time suit is filed. Jefferson Door Co., Inc. v. Cragmar Const., L.L.C., 11-1122, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004.
A judgment sustaining an exception of prematurity is usually reviewed for manifest error. Id. However, when resolution of an exception of prematurity involves a question of law, the appellate court undertakes a de novo review. See Burandt v. Pendleton Mem’l Methodist Hosp., 13-0049, p. 7 (La.App. 4 Cir. 8/7/13), 123 So.3d 236, 241, In the case at bar, the parties do not dispute the underlying facts, namely that IFB # 2 contained a protest procedure which Landis did not exhaust prior to filing suit. Rather, Lan-dis’s appeal raises the. question of whether the district court was legally correct in applying the administrative exhaustion *603 doctrine in this case. Accordingly, our review is de novo. ■
The district court found that Landis’s claims against the RTA were premature because Landis had not first exhausted the protest procedure set forth in IFB #2, which provides in part:
The following is an explanation of the RTA protest procedures which must be followed completely before all administrative remedies are exhausted.
Any person who is aggrieved in connection with the solicitation or award of . a contract may protest to the Director of Procurement. Protests shall be submitted in writing specifically identifying the area |7of protest ... or other information substantiating the appeal. A protest with respect to a solicitation must be submitted in writing to the RTA at least five (5) calendar days' prior to bid opening. A protest with regard to contract award shall be submitted, in writing, within seven (7) calendar days after award of the contract.
Prior to any action in court, the Director of Procurement shall have the,authority to settle or resolve a protest from an aggrieved person concerning the solicitation or award of a contract.
As an initial observation, we note that in general, “[c]ourts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed .... and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.” La. Code Civ. Pro. art. 1871. However, in the instant ease, the RTA contends that in submitting a bid, Landis acquiesced to the terms of the IFB which required exhaustion of the protest procedure.
We find that the protest procedure contained in IFB # 2 is inapplicable because Landis did not file suit, in the capacity of a “person who is aggrieved in connection with the solicitation or award of a contract,” so as to trigger the protest procedure requirement (assuming it was otherwise applicable). Rather, Landis specifically invoked La: R.S. 38:2220.1 as the basis of its petition. That statute provides:
It is the intent of the legislature in enacting R.S. 38:2220.1 through 2220.4 to authorize private citizens and other entities to institute a civil action against public entities to detér the construction of public works or the purchase of materials and supplies in violation of the provisions of R.S. 38:2211 et seq. [“Public Bid Law”]. The provisions of these Sections shall not be construed to eliminate or reduce any causes of action or other forms of relief provided by existing law, including but not limited to suits authorized by R.S. 38:2220.
|sThe foregoing statute authorizes a suit alleging a violation of the Public Bid Law based on Title 38, sections 2220.1 through 2220.4, brought by a private citizen or other entity to deter violations of the Public Bid Law, as contrasted from (and. in addition to) a suit brought pursuant to Title 38, section 2220,[4] by a district attorney, the attorney general, or an interested party. Thus, a litigant challenging an al *604 leged violation of Public Bid Law may proceed as a private entity under La. R.S. 38:2220.1 et seq., an interested party under La. R.S. 38:2220, or both.
As noted, in the case at bar, Landis specifically invoked La. R.S. 38:2220.1 as the basis of its claims, and seeks a declaratory judgment of a violation as provided for in La. R.S. 38:2220.2 and 2220.4.[5] Lan-dis did not seek any relief under La. R.S. 38:2220. Thus, at the time of filing suit Landis was proceeding not as an aggrieved bidder or interested party seeking to enjoin or nullify an award, but as a private entity exercising a right of action authorized by statute to deter a violation of the Public Bid Law. As such, Landis is not bound by the protest procedure in IFB # 2, which by its terms applies to litigants proceeding as persons aggrieved in connection with a solicitation or award. In fact, Landis has argued | 9vehemently in its brief that at the time of filing suit it was not aggrieved by the solicitation (with which it had no issue) or the award (which had not yet been made).[6]
Prematurity based on failure to exhaust applies in situations where “applicable law or contract provides an administrative procedure as a precondition for judicial action.” Girouard, 96-1076 at p. 4, 694 So.2d at 1155. Louisiana’s Public Bid Law does not provide an administrative procedure as a precondition for judicial action under La. R.S. 38:2220.1, and for private entities seeking a declaration of a violation of Public Bid Law (the capacity in which the instant suit was filed), there is no operative contractual requirement to exhaust an administrative procedure. Therefore, we find that the district court erred as a matter of law in granting the prematurity exception as to Landis’s declaratory judgment cause of action, and corresponding claim for attorney’s fees and costs,[7] and its judgment is hereby reversed in part.

3. Mandamus Action as to Change Order

Landis also contends that the portion of its appeal challenging the dismissal of its mandamus action seeking an order directing the RTA to issue a change order for increased costs due to the delay in the Contract award under IFB #2 is still viable. While the district court dismissed the mandamus action with its finding that ImLandis’s suit was premature for failure to exhaust administrative remedies, we pretermit a prematurity analysis because *605 we find sua sponte that Landis failed to state a cause of action for a mandamus.
“Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.” La. Code Civ. Pro. art. 3861. Relevant to the case sub judice is article 3863, which provides that “[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law....” La. Code Civ. Pro. art 3863. A “ ‘ministerial duty’ is one in which no element of discretion is left to the public officer, in other words, a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law.” Newman Marchive P’ship, Inc. v. City of Shreveport, 07-1890, p. 5 (La.4/8/08), 979 So.2d 1262, 1266 (internal quotations omitted).
The only legal basis Landis’s petition references for the change order claim is La. R.S. 38:2212(M)(1). That provision states: “All public work contracts shall contain provisions authorizing the issuance of change orders within the scope of the contract.” Title 38:2212(M) goes on to provide:
(2) All change orders shall be in writing or in electronic format if the public entity has the capability to receive change orders electronically. All change orders shall be signed by the contractor and the public entity or its design representative.
(3) The public entity shall pay the contractor for work performed by change order not later than sixty days after the date the public entity approves the application for payment for completion of the work performed in the change order.
Moreover, the IFB provides with respect to written change orders and amendments that the Contract “may be changed/amended in any particular allowed by law upon the written mutual agreement of both parties.” IFB #2, ¶ 2.1.
In We may raise the peremptory exception of no cause of action sua sponte. La. Code Civ. Pro. art. 927(B); Durden v. Durden, 14-1164, p. 13 (La.App. 4 Cir. 4/29/15), 165 So.3d 1181, 1141-42; Moreno v. Entergy Corp., 10-2268, p. 3 (La.2/18/11), 64 So.3d 761, 762. While the exception of prematurity raises the question of whether a cause of action has matured to the point that is ripe for judicial determination, the exception of no cause of action “tests ‘the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.’ ” Moreno, 10-2268 at p. 3, 64 So.3d at 762-63 (quoting Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993)).
The petition herein is completely devoid of any allegations that a change order was submitted or denied, much less mutually agreed upon. The petition is equivocal as to whether any basis for a change order existed at the time of filing the petition, alleging “Landis is likely to experience an escalation in the subcontractor, labor, equipment, and insurance costs ... because of the delay caused by the RTA....”
Given this, it cannot be said that a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law, has been alleged, so as to support a mandamus action under the allegations of the petition. We therefore find that Landis has failed to state a cause of action for a mandamus directing issuance and payment of a change order by the RTA, and therefore this claim is dismissed.
Accordingly, Landis’s appeal with respect to its causes of action for injunctive *606 relief, for mandamus relief directing the RTA to award the contract, and for damages for the cost of preparing its bids is' dismissed as moot; the district |1gcourt’s ruling granting the RTA’s exception of prematurity with respect to Landis’s declaratory judgment cause of action under La. R.S. 38:2220.1 through 2220.4 is reversed; Landis’s cause of action for mandamus relief directing the RTA to award a change order is dismissed for failure to state a cause of action; ■ and this matter is remanded to the district court for further proceedings. '
APPEAL DISMISSED IN PART AS MOOT; JUDGMENT REVERSED IN PART; CAUSE OF ACTION FOR MANDAMUS DISMISSED; REMANDED.

. At the hearing, the district court granted the prematurity exception contingent upon Lan-dis being given time by RTA to file its protest, and the filing of the protest staying any action by RTA with regard to the Contract.

. Landis’s appeal was lodged on August 10, 2015; the contract between Landis and RTA was signed on December 29, 2015. The Court was first informed of this at oral argument on March 22, 2016. To quote from Louisiana’s Supreme Court:
[W]e adopt as our own the admonition and rule expounded recently by the ■ United States Supreme Court:
It is appropriate to remind counsel that they have a "continuing duty to inform the Court of any development which may conceivably affect the outcome” of the litigation. Fusari v. Steinberg, 419 U.S. 379, 391, 95 S.Ct. 533, 540, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring). When a development after this Court grants certiorari or notes probable jurisdiction could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case,or controversy, that development should be called to the attention of the Court without delay. Board of License Commr’s of the Town of Tiverton v. Pastore, 469 U.S. 238, 240, 105 S.Ct. 685, 687, 83 L.Ed.2d 618 (1985).
*602 St. Charles Par. Sch. Bd. v. GAF Corp., 512 So.2d 1165, 1173 (La.1987), on reh’g (Aug. 7, 1987).

. Specifically, Landis relied upon La. R.S. 38:2215, which provides in part:
A. A public entity shall act not later than forty-five calendar days after the date of opening bids to award such public works contract to the lowest responsible and responsive bidder or to reject all bids. However, the public entity and the lowest responsible and responsive bidder, by mutually written ‘ consent, may agree to extend the deadline for award by one or more extensions of thirty calendar days.

. La. R.S. 38:2220 provides in pertinent part: (B) The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.

. La. R.S. 38:2220.2 requires that declaratory judgment actions brought under that statute "shall comply with ... La. R.S. 38:2220.3.” La. R.S. 38:2220,3 in turn requires, inter alia, that "[p]rior to initiation of the civil action, the complainant shall inform the attorney general of the alleged violation and all direct information he possesses regarding the alleged violation. The information shall be sent to the attorney general by certified mail, return receipt requested, within fifteen days from the date of discovery of the alleged violation by the complainant.” The record in this case does not reflect whether notice to the Attorney General was made, nor was it raised by either party.

. We also note that IFB # 2 was cancelled by the RTA on April 29, 2015; Landis filed suit on May 8, 2015. Therefore, arguably, at the time of filing suit, the protest procedure contained in the IFB was not even in effect.

. La. R.S. 38:2220.4(B)(1) provides in part: "The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees.” Thus, the statute specifically awards fees, but not costs, to plaintiffs such as Lan-dis. However, because Landis’s claims under section 2220.4 are remanded, we leave the ultimate resolution of this issue to the district court.