| | | |
|---|---|---|
| NGA 911, LLC | * | NO. 2021-CA-0287 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ORLEANS PARISH | * | |
| COMMUNICATION DISTRICT | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10884, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge
Sandra Cabrina Jenkins)

David C. Fleshman
Carroll Devillier, Jr.
Murphy James Foster, III
Kelsey A. Clark
BREAZEALE SACHSE & WILSON, LLP
301 Main Street, 23rd Floor
P.O. Box 3197
Baton Rouge, LA 70821-3197

      COUNSEL FOR PLAINTIFF/APPELLEE

Benjamin M. Chapman
MILLING BENSON WOODWARD, LLP
6421 Perkins Road, Building B, Suite B
Baton Rouge, LA 70808

Juan Joseph Lizarraga
MILLING BENSON WOODWARD L.L.P.
909 Poydras Street
Suite 2300
New Orleans, LA 70112-1010

      COUNSEL FOR DEFENDANT/APPELLANT

**MARCH 5, 2021 JUDGMENT AFFIRMED, MARCH 12, 2021 JUDGMENT
VACATED, SET ASIDE, AND REMANDED
JANUARY 27, 2022**

SCJ
TFL
DLD

Orleans Parish Communication District ("OPCD") appeals the trial court's March 5, 2021 judgment denying its peremptory and dilatory exceptions. OPCD also appeals the trial court's subsequent March 12, 2021 judgment granting the petition for preliminary and permanent injunction and declaratory judgment filed by NGA 911, LLC ("NGA"). For the reasons assigned, the March 5, 2021 judgment is affirmed; the March 12, 2021 judgment is vacated and set aside, and this matter is remanded to the trial court for further proceedings consistent with this Court's opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2020, OPCD entered into a Master Service Agreement ("Agreement") with AT&T Corp. ("AT&T") for the modernization of its existing 9-1-1 emergency communication infrastructure. On December 21, 2020, NGA filed a petition for preliminary and permanent injunction and declaratory judgment. NGA sought to enjoin and nullify the contract between OPCD and AT&T. The petition alleged that OPCD violated Louisiana Public Bid Law by awarding a public contract to AT&T without a competitive bid.

1

OPCD, in turn, filed a dilatory exception of prematurity and unauthorized use of summary proceeding, and peremptory exception of no cause of action. On February 26, 2021, the trial court held a hearing on NGA's petition and OPCD's peremptory and dilatory exceptions.

On March 5, 2021, the trial court denied OPCD's exceptions. Thereafter, on March 12, 2021, the trial court granted NGA's petition for preliminary and permanent injunction, and declaratory judgment. The judgment further prohibited OPCD from proceeding with the terms and conditions of the agreement with AT&T, and declared the agreement to be null and void.

On March 29, 2021, OPCD filed a motion for suspensive appeal. The trial court granted the suspensive appeal, suspending the March 5, 2021 and March 12, 2021 judgments and staying the proceedings. On May 19, 2021, NGA filed an expedited application for supervisory writ with this Court, seeking reversal of the trial court's order granting the suspensive appeal. This Court granted the writ and converted the suspensive appeal to this instant devolutive appeal.

## DISCUSSION

OPCD assigns eight assignments of error:

1) The trial court erred in holding that the agreement was subject to the Louisiana Public Bid Law.

2) The trial court erred in holding that OPCD violated the Louisiana Public Bid Law.

3) The trial court erred in holding that the agreement is null and void.

4) The trial court erred in denying OPCD's dilatory exception of unauthorized use of summary proceeding as it relates to NGA's request for injunctive relief.

5) The trial court erred in granting NGA's request for injunctive relief.

2

6) The trial court erred in denying OPCD's dilatory exception of prematurity as it relates to NGA's request for declaratory relief.

7) The trial court erred in granting NGA's request for declaratory relief.

8) The trial court erred in denying OPCD's peremptory exception of no cause of action.

While OPCD assigns eight errors, we narrow our discussion to two issues: 1) whether the trial court erred in denying OPCD's dilatory exception of prematurity and unauthorized use of summary proceeding, and peremptory exception of no cause of action; and 2) whether the trial court erred in granting the petition for preliminary and permanent injunction and declaratory judgment. We begin our discussion by addressing OPCD's exceptions.

**Exception of Unauthorized Use of Summary Proceeding**

OPCD argues that the trial court erred in denying its dilatory exception of unauthorized use of summary proceedings because La. R.S. 38:2220 only permits an interested party to seek injunctive relief through summary proceedings to prevent the award of a contract. OPCD further contends that because the contract was awarded to AT&T prior to NGA's request for injunctive relief, NGA may only proceed through ordinary proceedings to nullify the contract. We disagree.

A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits. *Forrester v. Bruno*, 2018-0648, p. 13 (La. App. 4 Cir. 5/1/19), ---So.3d----, ----, 2019 WL 1940341, *7. "Well-settled jurisprudence provides that it is proper to hear a motion for preliminary injunction by way of summary proceeding if the preliminary injunction is ancillary to a petition for permanent injunction or other ordinary proceedings." *Id.* at p. 14 (citing *Brown v. Brown*, 473 So.2d 851, 854, n. 7 (La. App. 1st Cir. 1984)).

The exception of unauthorized use of summary proceedings is only designed to test whether an action should proceed in a summary manner rather than by ordinary proceeding. *Hatcher v. Rouse*, 2016-0666, p. 4 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 433. Whether the trial court properly denied the exceptions of unauthorized use of summary proceeding rests on whether the relief granted by the preliminary injunctions maintained the status quo or resolved the merits of the principal demands raised in the petition. *Forrester*, 2018-0648, p. 17, 2019 WL 1940341, *7.

La. R.S. 38:2220 provides in pertinent part:

A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.

B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.

The principal case interpreting an unsuccessful bidder's right of injunctive relief is *Airline Const. Co., Inc. v. Ascension Parish School Bd.*, 568 So.2d 1029 (La. 1990). OPCD contends the *Airline* court denied injunctive relief because the plaintiff's petition failed to state either that a suit for injunctive relief was timely filed or that circumstances existed which made the filing of a timely suit for injunction impossible.

In *Airline*, the Supreme Court determined that an unsuccessful bidder on a public contract was precluded from recovering damages against the public body. The Court found that the bidder had failed to utilize the relief granted by statute, because the bidder did not attempt to timely enjoin the execution or the

4

performance of the contract, when the facts necessary for injunctive relief were known or readily ascertainable. *Id.*, 568 So.2d at 1033.

The Court discussed the timeliness of a suit for injunction as follows:

> We hold that an unsuccessful bidder on a public contract who wishes to obtain relief because of the rejection of its bid must seek injunctive relief at a time when the grounds for attacking the wrongful award of the contract were known or knowable to the bidder and when corrective action as a practical matter can be taken by the public body. Cf. *Gray v. State of Louisiana through the Department of Highways*, 250 La. 1045, 202 So.2d 24 (1967) (landowners, although aware that their property was being appropriated for borrow pit purposes, did not seek to enjoin the entry onto their land and the removal of dirt, but filed suit only two days before the job was completed, and the court denied damages for trespass, limiting recovery to just compensation for the property taken). If an aggrieved bidder does not timely file a suit for injunction, he has waived any right he may have to claim damages against the public body or the successful bidder.

*Id.*, 568 So.2d at 1035.

This Court has also addressed the issue of whether an unsuccessful bidder acted timely to stop the violation of the public bid law. In *Ryan Gootee Gen. Contractors LLC v. Plaquemines Par. Sch. Bd.*, unpub., 2015-0678, p. 1 (La. App. 4 Cir. 11/18/15), 2015 WL 7356420, the school board advertised for a public works construction project, and thereafter awarded the contract to another bidder. The unsuccessful bidder filed a petition for temporary restraining order, preliminary injunction, permanent injunction, mandamus, and declaratory judgment. The school board argued that if timely injunctive relief is not sought, the unsuccessful bidder's claims are considered waived. *Id.* at pp. 1-2. The school board further argued that although the unsuccessful bidder had knowledge of the defects of the bid proposal, it waited until after the contract had been awarded to another bidder to seek to enjoin the contract. *Id.* at p. 2.

This Court noted:

> The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.

*Id.* at p. 3 (quoting *Airline*, 568 So.2d at 1035). Upon review of the facts in the case, the Court noted that the unsuccessful bidder notified the school board of possible issues with the bid proposal prior to the award of the contract, obtained a temporary restraining order and later, a permanent injunction to prohibit performance under the contract, and the action was taken before any work began. *Id.* at p. 4. Therefore, under the facts of that case, the Court held that the unsuccessful bidder timely filed suit to enjoin the enforcement of the contract.

Here, it is undisputed that OPCD did not advertise for the modernization of the 9-1-1 emergency communication infrastructure. Unlike *Airline* and *Gootee,* no public bid occurred. Instead, OPCD entered into a contract with AT&T on August 20, 2020. NGA became aware of the contract on or around September 3, 2020, when OPCD, AT&T and the City of New Orleans held a joint press conference to announce the project.

On December 21, 2020, NGA filed its petition for preliminary and permanent injunction and declaratory judgment. The record is void of any information that AT&T began significant work on the project prior to NGA seeking injunctive relief. However, it is undisputed that the work on the project is incomplete.

We find that NGA timely sought injunctive relief to prohibit performance under the contract. *See G.D. Womack Trenching, Inc. v. Maitland Water System, Inc.*, 2003-1579 (La. App. 3 Cir. 4/7/04), 870 So.2d 579 (Finding the suit to

6

enjoin performance of a contract filed approximately six months after the award of the contract was timely). Accordingly, the trial court did not err in denying OPCD's dilatory exception of unauthorized use of summary proceedings.

We now turn to the exception of prematurity.

**Exception of Prematurity**

OPCD argues that the trial court erred in denying its dilatory exception of prematurity as it relates to NGA's request for declaratory relief. OPCD further argues that NGA's claims are premature because NGA failed to comply with the requirements of La. R.S. 38:2220.3(A), seeking a declaration that a violation of the Louisiana Public Bid Law has occurred.

"[W]hen resolution of an exception of prematurity involves a question of law, the appellate court undertakes a *de novo* review." *Landis Const. Co., LLC v. Reg'l Transit Auth.*, 2015-0854, p. 6 (La. App. 4 Cir. 5/25/16), 195 So.3d 598, 602. The dilatory exception of prematurity is governed by La. C.C.P. art 926, which questions whether the cause of action has matured to the point that it is ripe for judicial determination. *Williamson v. Hospital Serv. Dist. No. 1 of Jefferson*, 2004-0451, p. 4 (La. 12/1/04), 888 So.2d 782, 785. An action is premature when it is brought before the right to enforce it has accrued. *Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, p. 3 (La. App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004.

La. R.S. 38:2220.3 provides in pertinent part:

A. Prior to initiation of the civil action, the complainant shall inform the attorney general of the alleged violation and all direct information he possesses regarding the alleged violation. The information shall be sent to the attorney general by certified mail, return receipt requested, within fifteen days from the date of discovery of the alleged violation by the complainant.

7

This Court addressed a similar issue in *Landis*, in which, the defendant filed an exception of prematurity asserting that the petitioner did not exhaust all of the administrative procedures prior to seeking declaratory relief under Louisiana Public Bid Law. *Id.*, 2015-0854, p. 6, 195 So.3d at 603-04. The petitioner received invitations to bid on a renovation contract; however, its bids were cancelled. The petitioner sought to enjoin the defendant from re-advertising.

The Court noted that R.S. 38:2220.1 provides:

> It is the intent of the legislature in enacting *R.S. 38:2220.1 through 2220.4* to authorize private citizens and other entities to institute a civil action against public entities to deter the construction of public works or the purchase of materials and supplies in violation of the provisions of R.S. 38:2211 et seq. ["Public Bid Law"]. *The provisions of these Sections shall not be construed to eliminate or reduce any causes of action or other forms of relief provided by existing law, including but not limited to suits authorized by R.S. 38:2220.*

*Landis*, 2015-0854, p. 6, 195 So.3d at 603-04. (Emphasis added.)

The Court further noted that a litigant challenging an alleged violation of public bid law may proceed as a private entity under La. R.S. 38:2220.1 *et seq.*, an interested party under La. R.S. 38:2220, or both. *Id. at* p. 8, 195 So.3d at 603–04. The Court further provided that at the time of filing the suit, the petition did not proceed as an aggrieved bidder or interested party seeking to enjoin or nullify an award, but as a private entity exercising a right of action authorized by statute to deter a violation of the Public Bid Law. *Id.* at p. 8, 195 So.3d at 604. "Louisiana's Public Bid Law does not provide an administrative procedure as a precondition for judicial action under La. R.S. 38:2220.1, and for private entities seeking a declaration of a violation of Public Bid Law . . . there is no operative contractual requirement to exhaust an administrative procedure." *Id.* at p. 8, 195 So.3d at 604.

8

In the instant case, we note that no public bid process took place, as OPCD did not advertise for the modernization of the 9-1-1 emergency communication infrastructure. While NGA filed its suit as an interested party, and sought injunctive relief to prohibit performance under the contract, it was also a private entity seeking a declaration of a violation of Public Bid Law. We find that NGA challenged the alleged violation of Louisiana's Public Bid Law as both a private entity and an interested party. *See Landis*, 2015-0854, p. 8, 195 So.3d at 603–04. "An exception of prematurity based on the plaintiff's failure to exhaust administrative remedies may not be granted, however, where the applicable law or contract does not specify a precondition for judicial action." *Guste Homes Resident Mgmt. Corp. v. Thomas*, 2020-0110, p. 12 (La. App. 4 Cir. 7/29/20), 302 So.3d 1181, 1189 (citing *Landis*, 2015-0854, p. 9, 195 So.3d at 604 (holding that Louisiana Public Bid Law does not provide for any administrative proceeding as a precondition to judicial action based on a violation of Public Bid Law)).

As such, we do not find that the trial court erred in denying OPCD's dilatory exception of prematurity.

**Exception of No Cause of Action**

Peremptory exceptions of no cause of action are subject to *de novo* review because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. *Mid-South Plumbing, LLC v. Development Consortium-Shelly Arms, LLC*, 2012-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736 (citing *Fink v. Bryant*, 2001–0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349). An exception of no cause of action questions whether the law extends a remedy against a defendant under the factual allegations of a petition. *White v. New Orleans Ctr. for Creative Arts*, 2019-0213,

9

p. 7 (La. App. 4 Cir. 9/25/19), 281 So.3d 813, 819 (citing *Mid-S. Plumbing, LLC*, 2012-1731, p. 4, 126 So.3d at 736). "No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action." *Friel v. Louisiana Citizens Property Ins. Corp.*, 2011-1032, p. 4 (La. App. 4 Cir. 2/8/12), 85 So. 3d 180, 183. Therefore, the exception is triable on the face of the petition and for the purposes of determining the issues raised by the exception, and the well-pleaded facts in the petition must be accepted as true. *Id.* "The burden of proof to show a petition does not state a cause of action rests on the mover." *Forrester*, 2018-0648, p. 12, 2019 WL 1940341, *6.

OPCD argues that NGA's petition does not state a cause of action because the pleading fails to set forth the ultimate material facts on which the cause of action is based. NGA's petition alleged: (1) NGA and AT&T regularly compete for contracts through transparent and public bid and procurement processes; (2) OPCD awarded a multi-million dollar contract to AT&T for the procurement of telecommunications and data processing systems without utilizing the Louisiana Public Bid Law; (3) OPCD is a political subdivision of Louisiana that follows requirements of the Public Bid Law; (4) NGA is an interested party; (5) NGA is entitled to a preliminary injunction prohibiting OPCD from taking any action in furtherance of the AT&T contract; and (6) failure to follow the Public Bid Law in awarding public contracts constitutes irreparable harm.

La. R.S. 38:2220(B) affords NGA a remedy in law based on the facts alleged in the petition. Thus, conceding the correctness of the facts, we find that NGA has sufficiently articulated a cause of action for a preliminary injunction. Accordingly, the trial court did not err in denying the no cause of action exception.

10

**Preliminary and Permanent Injunction**

Next, we address whether the trial court properly issued injunctive relief. The judgment from which this appeal is taken has clearly granted a permanent injunction. Specifically, the trial court ordered OPCD not to proceed with the terms and conditions of the agreement with AT&T. The judgment further found that OPCD violated the Louisiana Public Bid Law, and the agreement between OPCD and AT&T was null and void.

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *Hyman v. Puckett*, 2015-0930, p. 6 (La. App. 4 Cir. 5/4/16), 193 So.3d 1184, 1189 (quoting *Desire Narcotics Rehab. Ctr., Inc. v. State, Dep't of Health & Hosps.*, 2007–0390, p. 4 (La. App. 4 Cir. 10/17/07), 970 So.2d 17, 20). A preliminary injunction is essentially an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief. *Jacobs v. Balentine Carbondale Holdings, LLC*, 2019-0285, p. 3 (La. App. 4 Cir. 8/28/19), 279 So.3d 414, 417 (citing *Bank One, National Ass'n v. Velten*, 2004-2001, p. 5 (La. App. 4 Cir. 8/17/2005), 917 So.2d 454, 458).

"The principal demand, as opposed to the [preliminary] injunction, is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the injunction may touch upon or decide issues regarding the merits. *Jacobs*, 2019-0285, pp. 3-4, 279 So.3d at 417 (citing *Bank One*, 2004-2001, p. 5, 917 So.2d at 458).

There is an evidentiary difference between a judgment on a preliminary injunction and a judgment on the case's merits. *Id.* at p. 4, 279 So.3d at 417 (citing *Employers Overload Co. v. Employers Overload Co. of New Orleans, Inc.*,

266 So.2d 546, 547-48 (La. App. 4th Cir. 1972)). A preliminary injunction may be issued merely on a prima facie showing by the petitioner that he is entitled to the relief sought and that he would suffer irreparable injury. In contrast, a permanent injunction requires a preponderance of the evidence to support its issuance. *Reasonover v. Lastrapes*, 2009-1104, p. 7 (La. App. 5 Cir. 5/11/10), 40 So.3d 303, 308 (quoting *West Pub. Co. v. Intrastate Pipeline Corp.,* 254 So.2d 643, 647 (La. App. 4 Cir.1971)).

It is well-settled that a preliminary injunction hearing cannot be converted to a permanent injunction hearing absent a stipulation of the parties to the contrary. *Nola Bourbon, LLC v. Rodriguez-Franco*, 2017-1002, p. 5 (La. App. 4 Cir. 4/18/18), 243 So.3d 693, 696 (quoting *Elysian Fields Church of Christ,* 08–0989, p. 8, 7 So.3d 1227, 1232).

Review of NGA's petition and the March 12, 2021 judgment and order reveals that that all material issues raised by NGA in its petition were adjudicated without a full evidentiary hearing. Further, the record is void of any stipulations between the parties agreeing to dispose of the entirety of the case during the preliminary injunction proceeding. The trial court failed to implement the correct procedures at the February 26, 2021 hearing, as it was required to have a full trial on the merits before ruling on the principal dispute.

Therefore, we find the trial court erred as a matter of law, first, by cumulating the actions for preliminary and permanent injunctive relief, and second, by granting a permanent injunction absent a full evidentiary hearing.

**Declaratory Relief**

OPCD contends the trial court erred in granting NGA's declaratory relief. OPCD further contends that a claim for declaratory relief should not be granted through summary proceeding. We agree.

"The purpose of a declaratory judgment is to provide a method whereby parties may request a trial judge to 'declare rights, status, and other legal relations whether or not further relief is or could be claimed.'" *Hyman*, 2015-0930, p. 11, 193 So.3d at 1191 (quoting *Schwegmann Family Trust No. 2 v. White III, LLC,* 2011–0611, p. 12 (La. App. 4 Cir. 9/30/11), 76 So.3d 1228, 1235). Similar to permanent injunctions, declaratory actions are also tried as ordinary proceedings. *See* La. C.C.P. art. 1879.

Here, a summary proceeding was conducted at the February 26, 2021 hearing. Thus, the trial court erred in granting declaratory relief.

### CONCLUSION

For the reasons assigned, we affirm the March 5, 2021 judgment denying OPCD's peremptory exception of no cause of action and dilatory exceptions of unauthorized use of summary proceeding and prematurity. We vacate the March 12, 2021 judgment granting the petition for preliminary and permanent injunction and declaratory judgment and remand the matter for further proceedings.

**MARCH 5, 2021 JUDGMENT AFFIRMED, MARCH 12, 2021 JUDGMENT VACATED, SET ASIDE, AND REMANDED**