| | | |
|---|---|---|
| **JILLIAN GIBBS** | * | **NO. 2025-CA-0116** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **COMPREHENSIVE MEDICAL** | * | |
| **MENTORING PROGRAM,** | | **FOURTH CIRCUIT** |
| **BYRON K. JASPER, M.D.,** | * | |
| **M.P.H. AND LAUREN C.** | | **STATE OF LOUISIANA** |
| **PAYNE, M.D.** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-07516, DIVISION "M"
Honorable Paulette R. Irons
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)


John O. Pieksen, Jr.
Michael G. Bagneris
BAGNERIS PIEKSEN & ASSOCIATES, LLC
935 Gravier Street, Suite 2110
New Orleans, Louisiana 70112


      COUNSEL FOR PLAINTIFF/APPELLANT

W. Michael Stemmans
M. Todd Alley
Michael J. Taffaro
Jennifer E. Frederickson
STEMMANS & ALLEY, P.L.L.C.
2798 O'Neal Lane, Suite B3
Baton Rouge, Louisiana 70816

      COUNSEL FOR DEFENDANT/APPELLEE


        **REVERSED AND REMANDED**
        **August 8, 2025**

Appellant, Jillian Gibbs, seeks reversal of the district court's December 10, 2024 judgment granting Appellees' exception of prematurity and dismissing her claims. For the foregoing reasons, we reverse the district court's judgment and remand this case for further proceedings.

## PROCEDURAL AND FACTUAL HISTORY

This appeal arises from a dispute regarding an arbitration provision in Ms. Gibb's employment contract. On December 30, 2022, Ms. Gibbs entered into an employment agreement (the "First Agreement") with Appellee, Comprehensive Medical Mentoring Program ("CMMP"), wherein Ms. Gibbs accepted a position as a part-time Public Health Internship Financial Consultant. This First Agreement did not contain an arbitration provision. After a few months in her new position, Ms. Gibbs was promoted to the position of Executive Director, and on July 30, 2023, the parties entered into a new employment agreement (the "Second Agreement"). This Second Agreement contained an arbitration provision and is the subject of this appeal.

Sometime after her promotion, Ms. Gibbs left her employment with CMMP. On August 14, 2024, Ms. Gibbs filed a Petition for Damages in Orleans Parish Civil District Court, seeking compensation for unpaid wages under the Second Agreement. In response, CMMP filed an Exception of Prematurity, arguing that the issue of unpaid wages should be submitted for arbitration pursuant to the terms of the Second Agreement. The district court heard arguments on November 14, 2024, granted CMMP's exception, and dismissed Ms. Gibb's case. On December 10, 2024, the district court issued its formal written judgment, and this appeal followed.

## ASSIGNMENTS OF ERROR

Ms. Gibbs assigns one overall error on appeal—that is, the district court erred in granting CMMP's exception of prematurity. However, within this assignment of error, Ms. Gibbs raises multiple issues. We find the first issue— whether the district court properly considered CMMP's evidence—to be dispositive.

## STANDARD OF REVIEW

Typically, appellate courts will review a decision sustaining an exception of prematurity for manifest error. *Landis Constr. Co. v. Reg'l Transit Auth.*, 2015-0854, p. 6 (La. App. 4 Cir. 5/25/16), 195 So. 3d 598, 602 (citation omitted). However, when the exception involves a question of law, such as whether to compel arbitration, then the appellate court will review the decision *de novo. See Hawney v. Unique Furniture Source, Inc.*, 2022-0268, p. 3 (La. App. 4 Cir.

2

11/2/22), 351 So. 3d 806, 809; *see also Browne v. Gordon McKernan Inj. Att'ys, LLC*, 2022-0840, p. 4 (La. App. 1 Cir. 1/11/23), 361 So. 3d 34, 37. As this appeal centers on whether the parties must submit to arbitration, we utilize a *de novo* review.

## DISCUSSION

Ms. Gibbs contends that the district court improperly considered the Second Employment Agreement as evidence. After a thorough review of the record before us, we agree.

"The dilatory exception of prematurity . . . questions whether the cause of action has matured to the point where it is ripe for judicial determination." *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 2004-0451, p. 4 (La. 12/1/04), 888 So. 2d 782, 785. While the mover bears the burden of proof, either party may introduce evidence to support or oppose the exception. *Land Coast Insulation, Inc. v. Gootee Constr., Inc.*, 2021-0052, p. 3 (La. App. 4 Cir. 9/24/21), 369 So. 3d 811, 813; La. C.C.P. art. 930. If evidence is not introduced, "the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *Land Coast*, 2021-0052, p. 3, 369 So. 3d at 813 (quoting *Blazio v. Ochsner Clinic Found.*, 2019-0753, p. 3 (La. App. 4 Cir. 3/4/20), 294 So. 3d 36, 40).

Evidence that has not been properly and officially offered and introduced cannot be considered by a court, even if a physical copy of that evidence has been placed into the record. *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La.

5/21/08), 983 So. 2d 84, 88. Furthermore, the long standing jurisprudence of this State holds that documents that are attached to pleadings or memoranda do not constitute evidence if not properly offered and introduced as such. *E.g., id*.; *see also*, *Marullo v. Extreme Motor Sports of New Orleans, LLC*, 2023-0157, p. 5 (La. App. 4 Cir. 10/25/23), 376 So. 3d 964, 968.

The merits of this appeal hinge on whether the arbitration provision in the Second Employment Agreement is enforceable. Yet, that Second Employment Agreement was never properly introduced into the record. While the Second Employment Agreement was physically placed into the record, CMMP failed to move to have the agreement admitted into the record, and the district court did not rule that the Agreement would be admitted into evidence.[1]

As the Second Agreement was not properly admitted into evidence, the district court could only consider the allegations in the petition in making its determination. *Land Coast*, 2021-0052, p. 3, 369 So. 3d at 813. In this case, Ms. Gibbs' petition alleges that she is owed unpaid wages from CMMP and does not mention an arbitration agreement. Given these allegations, and with nothing else properly before it to consider, we find that the district court erred in granting CMMP's exception of prematurity. Furthermore, as appellate courts are courts of record, we cannot consider the Second Agreement on this appeal. *Denoux*, 2007-

---

[1] During the hearing on the exception, counsel for CMMP stated, "[A]nd I would offer, file, and introduce our exceptions, our memos, and the attachments thereto but when I was accused of hiding the ball, we produced to the Court evidence that the contract was submitted by e-mail, signed, and returned." While this may have been an attempt by counsel to introduce the Second Agreement into evidence, counsel did not make a formal request for the document to be admitted, and the district court did not make a ruling on it.

2143, p. 6, 983 So. 2d at 88 (citations omitted). Therefore, we must reverse the district court's judgment and remand this matter for further proceedings.

## DECREE

For the foregoing reasons, we reverse the district court's December 10, 2024 judgment granting CMMP's exception of prematurity, and we remand this case back to the district court for further proceedings.

**REVERSED   AND   REMANDED**